MAX BLOUSTEIN *vs.* FANNIE SHINDLER.
MINNIE BLOUSTEIN *vs.* SAME.

Suffolk.   March 9, 1920. — April 2, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Judge's charge.

A judge, who at a trial, subject to an exception by the plaintiff, erroneously had
permitted the defendant, in order to impeach testimony of his own witness
which tended to show merely that the witness was unable to recall a certain
conversation in which he had made statements contradictory to his other
testimony, to introduce evidence, offered under R. L. c. 175, § 24, that the
witness had had such a conversation, charged the jury in substance that, if
they believed the evidence offered in impeachment, then they "just put the
testimony of the first witness out of the case. You do not put in the sec-
ond witness's testimony as affirmative facts or having any probative force."
*Held,* that the rights of the plaintiff were protected, and that his exception must
be overruled.

TWO ACTIONS OF TORT, the second action being for personal
injuries alleged to have been received by the plaintiff and caused
by a defective condition of a stairway used in common by the
tenants in a house of the defendant where the plaintiff and her
husband lived, and the first action being by the husband of the
plaintiffs in the second action for consequential damages. Writs
dated May 16, 1916.

In the Superior Court, the actions were tried together before
*Hall,* J. The material evidence and exceptions saved by the
plaintiffs are described in the opinion. There was a verdict for the
defendant; and the plaintiffs alleged exceptions.

R. L. c. 175, § 24, is as follows: "The party who produces a
witness shall not impeach his credit by evidence of bad character,
but may contradict him by other evidence, and may also prove
that he has made at other times statements inconsistent with his
present testimony; but before proof of such inconsistent statements
is given, the circumstances thereof sufficient to designate the
particular occasion shall be mentioned to the witness, and he
shall be asked if he has made such statements, and, if so, shall be
allowed to explain them."

*F. R. Mullin,* (*D. J. O'Connell* with him,) for the plaintiffs.

*L. Marks & J. Weinberg,* for the defendant, submitted a brief.

PIERCE, J.    These are actions of tort, brought by a wife and her husband, to recover direct and consequential damages resulting to the plaintiffs from injuries sustained by the wife by reason of an alleged defective condition of a stairway on the premises of the defendant, used by the plaintiffs as tenants of the defendant in common with other tenants.    There was evidence which would warrant the jury in finding for the plaintiffs.    The only question now presented is whether the defendant on the facts in evidence, under R. L. c. 175, § 24, had the right to prove that a witness called by her had made statements that were inconsistent with his testimony given at the trial.

Provotkin the witness sought to be impeached, examined by the defendant, denied that he had any conversation with either of the plaintiffs regarding the case; stated that he did not recall having any conversation with Bornstein, the impeaching witness, regarding the case; that he was "almost" sure that he did not "overhear Mrs. Bloustein [the plaintiff] at any time after this miscarriage that she had took place, say anything about this case to anybody, after the miscarriage took place;" that he "could n't tell" whether he heard her say anything about how this case happened; that he did not hear her say anything about how she had the miscarriage, and that he did not recall that at any time he had told Bornstein a different story of what he overheard than he now stated to the jury.

The witness Bornstein, against the exception of the plaintiffs, was permitted to testify that Provotkin did have a conversation with the witness at the house of the witness about the Bloustein case.    He was then, against the exception of the plaintiffs, permitted to testify that he (Provotkin) had told him (the witness) that he had overheard the plaintiff Mrs. Bloustein say to one Mrs. Berman, "that she had a fight with a little boy which he kicked her and from that she had a miscarriage."

The testimony of what Provotkin told Bornstein he had overheard Mrs. Bloustein say to Mrs. Berman was not inconsistent with the testimony of Provotkin that he was unable to recall that he had stated to Bornstein a different story than he stated in court; that he did not remember saying anything different to

Bornstein; that he did not hear her (Mrs. Bloustein) say anything about how the case happened or about how she had the miscarriage. In a word, the testimony of witness was colorless: he had given no testimony in favor of the plaintiffs against the contention of the defendant. The rights of the defendant were fully protected by the admission of the testimony of the impeaching witness, that Provotkin had talked to him about the case and had told him that he had overheard a conversation between Mrs. Bloustein and Mrs. Berman regarding the miscarriage. The admission of the conversation itself was not in contradiction of any testimony of the witness Provotkin, and was highly prejudicial to the plaintiffs. The case cannot be distinguished from, and is governed by, *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144. See *Elmer* v. *Fessenden*, 154 Mass. 427.

The presiding judge charged the jury as follows: "Now there is only one other thing I want to say to you. The last witness that was called here was called by the plaintiff to impeach a prior witness. If you do not believe what the last witness says, why, then he is out of the case. If you do believe what he says then you have simply impeached the testimony of the other witness, that is all. You have left yourself in the position where the first witness's testimony is not to be relied upon; but by doing that or making that finding you have just put the testimony of the first witness out of the case. You do not put in the second witness's testimony as affirmative facts or having any probative force. All he is called for is to impeach the other witness. If you do not believe that he has impeached him the other witness stands if you believe him. If you say the second witness has impeached the first one, why, then the testimony of the first witness you do not longer believe; but nothing the second witness has said is to be taken as establishing any affirmative fact or having any probative force in this case." The instructions protected the plaintiffs, and it must be presumed the jury followed the instructions. *Barker* v. *Mackay*, 175 Mass. 485.

*Exceptions overruled.*