THOMAS HARGREAVES & another *vs.* KEOGH STORAGE COMPANY.

EASTERN MASSACHUSETTS STREET RAILWAY COMPANY *vs.* SAME.

Bristol.    October 28, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Agency*, Scope of authority. *Evidence*, Relevancy and materiality, Res gestae, Of admission by agent. *Negligence*, Fire.

Where, at the trial of an action of tort for damages resulting from a fire alleged to have been communicated from the burning of a truck of the defendant by reason of negligence of the driver of the truck, an employee of the defendant, acts of the driver were definite, were observed by several witnesses, and were fully described in the testimony, as to which there did not appear to be much conflict, it was proper for the trial judge to exclude evidence offered by the plaintiff to show that,

when the driver was asked to permit the cutting of ropes binding the load and to move the truck, he refused, saying, in substance, that the load was insured.

TWO ACTIONS OF TORT for damages resulting from fire alleged to have been communicated through negligence of a driver of a truck employed by the defendant. Writs dated respectively June 25 and July 14, 1921.

In the Superior Court, the actions were tried together before *Sisk,* J. Material evidence is described in the opinion. There was a finding for the defendant. The plaintiffs alleged exceptions.

*A. E. Seagrave, (J. Seligman* with him,) for the plaintiffs.
*C. P. Ryan,* for the defendant.

RUGG, C.J. The plaintiffs in these actions of tort seek to recover compensation for the destruction by fire of their property alleged to have been caused by the negligence of a servant of the defendant. There was evidence tending to show that a servant of the defendant, while driving its truck conveying some inflammable goods along a highway, found that the load was on fire. The truck was stopped, efforts to extinguish the fire were unsuccessful, and its spread destroyed property of the plaintiffs on land nearby.

The plaintiffs offered to show that, when the driver was asked to permit the cutting of ropes binding the load and to move the truck, he refused, saying in substance that the load was insured. This offer of proof was excluded rightly. There appears to have been no dispute that the truck was in charge of a servant of the defendant. Manifestly the defendant was responsible in damages for the negligence of the driver committed within the scope of his employment. The testimony concerning what the driver did does not seem to have been in much conflict. His acts were definite, observed by several witnesses and fully described in testimony.

His accompanying declaration in response to questions was not admissible as a part of the *res gestae* because his conduct was not equivocal, and did not require explanation or illustration. *Nutting* v. *Page,* 4 Gray, 581, 584. *Conklin* v. *Consolidated Railway,* 196 Mass. 302.

The driver of a truck has no authority by virtue of his

employment to make admissions as to insurance binding upon his employer. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573, 575. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, and cases collected at page 143.

The evidence offered had no probative value upon the question whether the defendant was responsible for the loss suffered by the plaintiffs. It was irrelevant to any issue on trial. *Feins* v. *Ralby,* 245 Mass. 228.

*Exceptions overruled.*