ELIZABETH W. RANKIN *vs.* BROCKTON PUBLIC MARKET, INCORPORATED.

Norfolk. March 22, 1926. — July 27, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Res ipsa loquitur. *Evidence*, Presumptions and burden of proof, Matter of conjecture, Res gestae, Of admission by agent.

Evidence, at the trial of an action by a customer in a market for personal injuries resulting from her being struck on the head by a bottle falling from an endless belt bundle carrier, showed only that as the plaintiff left a counter which was under the belt "a crash came down on the top of her head — 'it came down like the roof on . . . [her] head'"; that

she remembered no more till she regained consciousness; that a saleswoman employed by the defendant had placed a bottle on the carrier just before the accident and, turning around to go back to her counter, saw the bottle strike the floor, but did not see it strike the plaintiff; and that she never before had seen anything fall from the belt.  *Held*, that

(1) The doctrine, *res ipsa loquitur*, was not applicable;

(2) The cause of the fall of the bottle from the carrier was a matter of conjecture;

(3) The cause of the blow to the plaintiff was a matter of conjecture;

(4) It was proper to order a verdict for the defendant.

At the trial above described, the saleswoman was called by the plaintiff. After she had testified as above described; she also testified that, after the plaintiff had been moved from before the counter, where she was struck and fell unconscious, to another room, the witness was beside her and had said to her that she was the one who had put the bottle on the carrier and that she was sorry.  From further testimony by the plaintiff, there was evidence that at that time the saleswoman had said to her that she was the one who "tossed the bottle that hit" the plaintiff.  Another witness testified that the saleswoman had signed a statement to the same effect and to the effect that she had seen things fall from the belt before.  *Held*, that

(1) The statement by the saleswoman to the plaintiff in the adjoining room after the accident was not admissible as a part of the *res gestae*;

(2) The statements before the trial which were contrary to her testimony at the trial were admissible only to affect her credibility and not to prove the facts set forth in such previous statement;

(3) The proving of the unreliability of the saleswoman's statement at the trial did not establish facts without which the action could not be maintained;

(4) The statements made to the plaintiff in the adjoining room after the accident were not binding upon the defendant as admissions by an employee within the scope of her employment;

(5) Such evidence did not make improper the ordering of a verdict for the defendant.

TORT for personal injuries received by the plaintiff while a customer of the defendant in Brockton.  Writ dated June 1, 1923.

In the Superior Court, the action was tried before *Callahan*, J.  Subject to exception by the defendant, a saleswoman of the defendant, called as a witness by the plaintiff, testified that, in a room to which the plaintiff was taken after she had fallen as described in the opinion, the saleswoman said to her that she was "the girl that put the bottle on the belt."  In cross-examination she stated that she had not said that she "tossed the bottle of oil to the belt," and that

she did not "toss it on to the belt," and never had told any one that she had "tossed it on to the belt," and did not tell one Grace or the plaintiff that she saw the bottle of oil strike the plaintiff. Grace, a constable, then was called by the plaintiff and testified that the saleswoman had signed for him a statement in writing in substance that she had put the bottle on the belt and that the bottle had rolled off and hit the plaintiff on the head and that she had seen things fall off the belt before. The plaintiff then, being recalled, testified, subject to exception by the defendant, that the saleswoman had said to her in the adjoining room, "I am the girl that tossed the bottle that hit you on the head."

Other material evidence is described in the opinion. At the close of the evidence for the plaintiff, the defendant rested and, on its motion, a verdict was ordered for the defendant. The plaintiff alleged exceptions.

*Asa P. French,* for the plaintiff.

*T. F. McAnarney, F. G. Katzmann & J. P. Vahey,* for the defendant, submitted a brief.

WAIT, J. The plaintiff's declaration in three counts alleged first, that while she was upon the premises of the defendant as a customer and invitee she was injured by reason of the negligence of the defendant, its servants and agents, by being struck on the head with a bottle of oil which fell from a carrier device for conveying packages from the counters to the shipping room; second, that by reason of the negligence of the defendant, its servants and agents, she was injured by being struck on the head by a heavy object of a description unknown to her; third, merely, that she was injured owing to the negligence of the defendants, its servants and agents.

The case is before us upon exceptions saved to the exclusion of certain evidence and to the order of the trial judge directing a verdict for the defendant.

The propriety of directing the verdict depends upon the state of the evidence and of the pleadings at the moment the ruling was made. At that time there was evidence that, on the day alleged, the plaintiff was a customer and invitee in the market of the defendant; that when she turned to leave

the delicatessen counter, after an unsuccessful inquiry for a salad, as it seemed to her, "a crash came down on the top of her head — 'it came down like the roof on . . . [her] head,'" and she remembered no more till she regained consciousness and found herself lying on the floor in a different place surrounded by a crowd among whom was a girl in a white coat or apron, sobbing; that, on the evening of the same day, a physician found a small swelling over the "parietal occipital region" (this we take to be the side of the back of the head) which, on the next day, was the size of a small egg; that, in his opinion, a blow from an object dropping on her head and "causing those immediate and subsequent symptoms" would be an adequate cause for the condition he found; that a saleswoman in the bottle goods department just before the accident took a tin pan about twelve or fourteen inches long, provided for the purpose, from under a counter, put in it a pint bottle of olive oil and a half pint bottle of salad dressing with nothing else, stood upon a stool about two feet high and placed pan and bottles on the endless belt of a carrier which took merchandise to the shipping room; that she turned around to go back to her counter, toward the delicatessen counter, and saw the bottle hit the floor, and that she did not see it between the time she placed it on the carrier belt and the time it hit the floor; that never before had she seen anything fall from the belt, though she had seen cases where girls had thrown bread up on the belt but too high so that it went over the belt; that she did not remember any sound, but she saw the bottle hit the floor; that a salesman, assisted by others, helped the plaintiff to another room; that he saw no one touch her before he reached her; that the plaintiff was near the delicatessen counter "in a lying position — half sitting position on the floor," not head-down, "kind of sitting down with one hand out to the right as though she had slid down." The carrier was six feet nine inches from the floor, and its endless belt was eighteen inches wide. It ran over the edge of the counter. There were other customers near the counter.

This is all the evidence set out in the bill of exceptions which shows what took place at the time the plaintiff fell

and what caused the fall.  Manifestly it is insufficient to prove any negligence of the defendant or its servants.  The cause of the fall is purely conjectural.  No one saw anything hit her.  If, in fact, she was hit upon the head by the bottle, there is nothing but conjecture to explain how the bottle came to fall.  There is no evidence of any negligent act. The situation is not one where, in the circumstances shown by the evidence with the fair inferences to be drawn from it, the mere fact that the event took place shows that the defendant or its servants or agents were careless.  *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 52.  *O'Brien* v. *Louis K. Liggett Co.* 255 Mass. 553.

The plaintiff may have fallen from a weakness accompanying a sudden pain in the head, or from slipping, and have jarred the bottle from the endless belt.  Some sudden movement of a customer or salesman may have tilted or shaken the carrier.  Some perfectly innocent cause may have occasioned a sudden jerk in the movement of the belt which resulted in the fall of the bottle.  The swelling on the head of the plaintiff is as consistent with striking the head on the floor as with being struck by the bottle.  The judge was right in directing the verdict for the defendant.  *Kirby* v. *Tirrell*, 236 Mass. 170.  *Nager* v. *Reid*, 240 Mass. 211. *O'Brien* v. *Louis K. Liggett Co., supra.*

He was right, also, in his rulings upon the evidence.  The plaintiff succeeded in getting before the jury a statement, alleged to have been made to the plaintiff while she was lying in the room to which she was carried from the vicinity of the delicatessen counter by the saleswoman who was sobbing there that she was sorry, that she was the one who tossed upon the carrier the bottle that hit the plaintiff on the head. Called as a witness by the plaintiff, the saleswoman denied that she made any such statement and denied that she tossed the bottle upon the carrier or that she saw, or ever said she saw, the bottle hit the plaintiff.  When first offered, in the direct examination of the plaintiff as a witness, this statement was excluded subject to the plaintiff's exception. The plaintiff contends it was admissible as part of the *res gestae*.  The contention cannot be accepted.  The *res gestae*

of the happening of the injury were ended.   A statement made afterward, no matter how soon in time, did not form part of the *res gestae* of the alleged accident and gains no competency from the doctrine of the *res gestae*.   *Lane* v. *Bryant*, 9 Gray, 245.

To be other than inadmissible hearsay the statement must form part of the *res gestae* of the accident.  *Commonwealth* v. *Chance*, 174 Mass. 245, 250.   *Conklin* v. *Consolidated Railway*, 196 Mass. 302, 306.   *Williamson* v. *Cambridge Railroad*, 144 Mass. 148.   *Nager* v. *Reid, supra.*

The alleged statements became admissible in the course of the trial to contradict the witness and affect the credit to be given to her testimony, *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594, but what was alleged to have been said never became evidence that the witness tossed the bottle to the carrier, saw it fall, and saw it strike the plaintiff. *Donaldson* v. *New York, New Haven & Hartford Railroad*, 188 Mass. 484.   *Bloustein* v. *Shindler*, 235 Mass. 440. *Commonwealth* v. *Festo*, 251 Mass. 275, 279.   Evidence, that this witness tossed the bottle, saw it fall and saw it strike the plaintiff, the plaintiff needed to prove her case.   Her difficulty is that the witness refused so to testify, and on the stand and under the sanction of her oath denied that such testimony stated the facts.   The witness's denial cannot be taken as proof of the truth of the facts which she denies.

For another reason also the statements were not admissible. There is absolutely no evidence of any authority in the witness to bind the defendant; and her statements, made elsewhere than on the witness stand, are not admissible against it.   *Richstain* v. *Washington Mills Co.* 157 Mass. 538. *Hargreaves* v. *Keogh Storage Co.* 250 Mass. 339.   The result is that the order must be

*Exceptions  overruled.*