Morton, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries alleged to have been sustained by her in a store owned and operated by the defendant at 194 Elm Street, Everett, Massachusetts. The answer was a general denial and a plea of contributory negligence.
The evidence tended to show that on April 4, 1936 the plaintiff entered the store of the defendant as a customer and went to one counter therein where a purchase was made, then she went to another counter in front of which “was a carton with tall cans of beans, which cans were almost one foot tall, and contained one pound each, piled around the carton from the floor; that there was bread piled on top of the carton and cans.” It further appeared that another customer stood near the plaintiff at the time, was waited upon first, and picked a loaf of bread off of the top of the aforesaid cans and placed it upon the counter; *603 that thereafter cans of beans fell on the floor, one of which struck the plaintiff. Neither the plaintiff nor .the other customer at any time touched the cans of beans. No evidence was introduced by the defendant. ■
The defendant made the following requests for rulings:
“1. ' Upon all the evidence, the plaintiff is not entitled to recover for the following reasons:
“a. The Defendant was not negligent.
“2. Upon all the evidence a finding for the Defendant would be warranted. ’ ’
These requests were disallowed without comment. We assume, although the report does not. so state, that a finding was made for the plaintiff.
It was error prejudicial to the defendant to disallow its first request for ruling. The case is barren of ■ any evidence that would indicate negligence on the part of the defendant. No evidence was introduced as to the height of the pile of cans of beans or how they were piled, whether negligently or otherwise. The case was based on negligence of the defendant, and the burden of proof thereof was upon the plaintiff. As was said in Whalen v. Mutrie, 247 Mass. 316 at page 318:
“The burden of proof to show the defendant’s negligence was upon the plaintiff, and such negligence cannot be inferred, in a case like this, merely from the happening of the accident. ’ ’
The case at bar in fact is not unlike the case of Rankin v. Brockton Public Market, Inc., 257 Mass. 6. In that case the plaintiff, a customer in the defendant’s store, was hit on the head by a bottle which fell from an over-head conveyor of merchandise. No evidence was offered in behalf of the defendant. In the opinion in that case the Court says, among other things, at page 10:
*604 “The cause of the fall is purely conjectural. No one saw anything hit her. If, in fact, she was hit .upon the head by the bottle, there is nothing but conjecture to explain how the bottle came to fall. There is no evidence' of any negligent act. The situation is not one where, in the circumstances shown by the evidence with the fair inferences to be drawn from it, the mere fact that the event took place shows that the defendant or its servants or agents were careless. . . . Some sudden movement of a customer or salesman may have tilted or shaken the carrier. Some perfectly innocent cause may have occasioned a sudden jerk in the movement of the belt which resulted in the fall of the bottle.”
In the instant case the trial judge might well have inferred that the cans fell in consequence of being jarred when the other customer removed the loaf of bread from the top of the pile thereof. He apparently made no such inference, and that leaves the case without explanation as to the cause of the injury to the plaintiff and, as, we have said before, without any evidence of any negligence on the part of the defendant.
In consequence of the error in disallowing the first request of the defendant an order will be entered vacating the finding for the plaintiff and directing that judgment be entered for the defendant.