M. ELIZABETH COUNIHAN & another *vs.* JORDAN MARSH COMPANY. February 12, 1959. Exceptions overruled. This is an action of tort in two counts. In the first, the female plaintiff (hereinafter called the plaintiff) seeks to recover for the alleged negligence of the defendant; in the second, her husband seeks consequential damages. We summarize the evidence as follows: On December 7, 1953, the plaintiff entered the defendant's store to do some shopping. She went to a counter on which there was a "T" shaped metal fixture used for the display of shopping bags. "[T]he 'T' standard was approximately eighteen to twenty-four inches high, holding . . . shopping bags on its arms." The standard, the base of which was round, was not affixed to the counter. The weight of the standard was "on the bottom." While the plaintiff was standing about two feet from the standard, it fell from the counter and injured her. The plaintiff saw no one in the vicinity of the standard and she did not see it fall. At the close of the evidence the judge directed verdicts for the defendant subject to the plaintiffs' exceptions. There was no error. What caused the standard to fall is a matter of conjecture. It cannot be said on the evidence in this record that the defendant's use of the standard for display purposes constituted negligence. There is nothing to show that its construction was such that it would be likely to fall when put to ordinary use. In short, the evidence shows no more than that a display device, not shown to be defective or dangerous, fell on the plaintiff. There are situations where the happening of an accident occurs in circumstances which would warrant an inference of negligence (*Cushing* v. *Jolles,* 292 Mass. 72, 74), but this is not one of them. See *Rankin* v. *Brockton Pub. Mkt. Inc.* 257 Mass. 6, 10.

*John A. Kelley,* for the plaintiffs.
*Daniel H. Rider,* for the defendant.