Kottmyer, J.
Plaintiff Nicolina Salerno (“Salerno”) filed suit for personal injuries against the Wonder Market Companies, Inc. (“Wonder”) in District Court in the Central Worcester Division. Plaintiff alleged that she sustained damages when a negligently stacked display of juice fell upon her. A judgment was entered for the defendant in District Court (J. Raphaelson) on March 21, 1994.
*108 On May 18, 1994, Plaintiff removed her case to Superior Court pursuant to G.L.c. 231, section 104, renewing her request for trial by jury on all issues.
Defendant now moves for summary judgment pursuant to Mass.R.Civ.P. 56(c) on Salerno’s claim. For the following reasons. Wonder’s motion for summary judgment is ALLOWED.
FACTS
The facts are set forth in the light most favorable to the nonmoving party (the plaintiff), resolving all differences and drawing all reasonable inferences in favor of the plaintiff.
On August 15, 1990, the plaintiff was injured while grocery shopping in a supermarket owned and operated by Wonder in Worcester, Massachusetts. Bottles of cranberry juice fell from a display striking the plaintiffs shoulder, legs, ankles and feet.
Plaintiff was about a foot or two away from the display at the time. She noticed only that the display was tall, but did not notice anything else about the display. She did not see anyone near the display before the accident, and does not know what caused the bottles to fall.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 15, 1617 (1989).
A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an éssential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 808 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the parly opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson v. Time, Inc., 404 Mass. 15, 17 (1989). The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Negligence
Plaintiff claims that defendant is liable for damages sustained by plaintiff when a negligently stacked display of juice fell upon her. Plaintiff contends that there is material fact in dispute. That fact, she claims, is the structural integrity of the display from which the cranberry juice bottles fell. Defendant claims that the plaintiff cannot establish any dispute of material fact. Defendant submits that there is no evidence of negligence, and that the defendant is entitled to summary judgment as a matter of law.
Pursuant to G.L.c. 231, Section 102C the District Court’s decision constitutes “prima facie evidence upon such matters as are put in issue by the pleadings.” See O’Brion Russell & Co. v. LeMay, 370 Mass. 243, 244 (1976); Lewis v. Anthleman, 10 Mass.App.Ct. 221, 224 (1980). The District Court’s finding establishes a “prima facie case” for defendant Wonder which the plaintiff must rebut with specific facts to withstand a motion for summary judgment. O’Brion, Russell & Co., supra, 370 Mass, at 245.
Plaintiff argues that the act of some juice bottles falling from the juice display, in and of itself, warrants a finding of negligence on the part of defendant. That alone, however, does not establish negligence by Wonder. See Counihan v. Jordan Marsh Co., 338 Mass. 796 (1959).[1]
There is no evidence before the court that the display was defective or dangerous or that Wonder acted unreasonably with respect to the display. “[T]he mere happening of an accident is not proof of negligence." Abrahams v. Rice, 306 Mass. 24 (1940). In addition, the sole fact that plaintiff was injured is not sufficient to prove defendant was negligent. Borysewicz v. Dineen, 302 Mass. 461 (1939). Plaintiffs argument that the structural integrity of the display caused the accident is too speculative. Such a causal connection must be based on credible evidence and not conjecture. Counihan, supra, 338 Mass, at 796.
Plaintiff attempts to overcome this deficit by providing affidavits of Frederick L. Hannon, Jr., a claims investigator. These affidavits do not, however, raise a material issue of fact. According to his affidavits, Mr. Hannon observed a juice display on March 10, 1994, close to three and a half years after the incident. He compared that juice display to pictures of other juice displays. Those pictures were of juice displays which were not involved in the incident on August 15, 1990 and are not known to replicate the condition of the display at the time of the incident. He simply states that the removal of juice bottles from the display he observed on March 10, 1994, “significantly reduced” the structural integrity of the display. The existence of a defect in the display at the time plaintiff was injured remains a matter of conjecture. There is no evidence as to the condition of the juice display at the time of the accident and no evidence as to what caused bottles to fall from the display. See Counihan, supra; Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961); Rankin v. Brockton Public Market, Inc., 257 Mass. 6, 10 (1926).
*109 ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Wonder’s motion for summary judgement be ALLOWED as to plaintiff Salerno’s claims.

In Counihan, the Supreme Judicial Court held that the falling of a display in and of itself does not create liability on the store owner.