Brassard, J.
This is an action in negligence based on the doctrine of res ipsa loquitur. Daniel O’Brien (“O’Brien”) brings this action claiming that on May 8, 1995, he was injured while unloading a tractor trailer truck which, he alleges, was negligently loaded by the employees of the defendant. O’Brien says that as a result of the negligent loading of the truck, the load collapsed, causing boxes to fall upon him resulting in his alleged injuries. The defendant, Ames Stores, A General Partnership, (“Ames”), moves for summary judgment arguing that as a matter of law there is insufficient evidence to show that the load was dangerous or that any negligent arrangement of the load by Ames’ employees proximately caused the boxes to fall upon the plaintiff.
The court held a hearing on the defendant’s motion and, for the following reasons, allows that motion.
BACKGROUND
For the purposes of this motion, the court accepts as true the following undisputed facts:
O’Brien was an employee of Manfi Leasing Company which had a contract "with Ames to provide drivers for its tractor trailers. As part of O’Brien’s employment, he drove tractor trailers containing merchandise from the Ames in Mansfield, Massachusetts to its retail locations, one of which was located 50 miles away in Woburn, Massachusetts. On Friday, May 5, 1995, a tractor was loaded at the Mansfield facility by employees of Ames for transportation to the defendant’s store in Woburn. After the truck was loaded, it was sealed shut. On Monday, May 8, 1995, O’Brien drove the tractor trailer to Woburn, Massachusetts, where the seal was broken by an employee of Ames. When O’Brien initially opened the back door of the truck, a “whole bunch of freight came flying off the truck,” none of which struck or injured him. Based on his 35 years experience as a truck driver, O’Brien knew that this typically happened when the back door on a fully loaded trailer was first opened. O’Brien also acknowledges that loads have a tendency to shift as they are being transported.
O’Brien, while standing in the trailer, personally unloaded the merchandise by putting boxes of merchandise on a conveyer which allowed the boxes to be rolled to a position where Ames’ employees could open, label and sort the merchandise. O’Brien does not know who at the Ames Mansfield facility loaded the truck, did not see the truck being loaded, and does not know how long it took to load the truck. During the course of unloading the trailer the load collapsed, causing boxes to fall on O’Brien resulting in personal injuries. The accident occurred after O’Brien had unloaded half the tractor trailer by himself. O’Brien is uncertain of how many boxes fell on him, whether heavier or lighter boxes fell on him, or what merchandise was contained in the boxes that fell upon him. Prior to the incident, O’Brien had not made a determination as to whether or not the load appeared likely to fall. O’Brien recognizes that every load is subject to the possibility of falling while it is being unloaded.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976): Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue as well as demonstrating that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989), Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. Lalonde v. Eissner, 405 Mass. 207, 209 (1989). The court will not weigh evidence, assess credibility or find facts. The court may only consider undisputed material facts and apply them to the law. See Kelley v. Rossi, 395 Mass. 659, 663 (1985).
The only issue is whether the toppling of boxes onto plaintiff was due to negligence on the part of the defendant. The plaintiff has presented no evidence as to the negligence of the defendant. The plaintiff urges the court to apply the doctrine of res ipsa loquitur.
Res ipsa loquitur permits the finder of fact, if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent. See e.g., Evangelio v. Metropolitan Bottling Co., 339 Mass. 177, 180 (1959); Coyne v. John S. Tilley, Co., 2 Mass.App.Ct. 641, 644 (1974), aff'd 368 Mass. 230. *629 Plaintiff has the burden of proving (1) that the accident that caused the injury is the kind of occurrence which usually does not happen in the absence of negligence by the defendant and (2) that the instrumentality causing the accident had not been improperly handled by himself or by intermediate handlers. Wilson v. Honeywell, Inc., 409 Mass. 803, 805 (1991); Coyne, 2 Mass.App.Ct. at 644, quoting Evangelio, 339 Mass, at 183. A causal connection between the alleged negligence and the plaintiffs injury must be based on credible evidence and not conjecture. See e.g., Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 266 (1961); Counihan v. Jordan Marsh Co., 338 Mass. 796, 796 (1959); Rankin v. Brockton Public Market, Inc., 257 Mass. 6, 10 (1926). The plaintiff is not required to exclude every possible cause of the accident. Wilson, 409 Mass. at 807; Coyne, 2 Mass.App.Ct. at 645; Evangelio, 339 Mass. at 180. The plaintiff is only required to show a greater likelihood that injury was caused by the defendant’s negligence rather than by some other cause. Id. However, the mere happening of an accident is not proof of negligence. Abrahams v. Rice, 306 Mass. 24, 24 (1940); see Borysewicz v. Dineen, 302 Mass. 461, 464 (1939).
In the present case, the plaintiff has the burden of proving that a toppling over of boxes while a trailer is being unloaded is an occurrence that usually does not happen in the absence of negligence on the part of the defendant. See e.g. Wilson, 409 Mass. at 805; Evangelio, 339 Mass. at 183. Plaintiff argues that if the defendant’s employees improperly loaded heavier boxes on top of lighter boxes, such conduct would be negligent. Plaintiff, however, has presented no evidence of such conduct. Further, plaintiff admits that loads have a tendency to shift during transit and accepts as a common occurrence that boxes will fall when the trailer is opened.
Because shifting may occur without any negligence on the part of the defendant, the facts in this case do not constitute an unusual occurrence that necessarily imputes negligence on the defendant’s part. See Counihan, 338 Mass. at 796 (the circumstances did not warrant an inference of negligence where a free-standing “T” standard that holds shopping bags and is weighted on the bottom unexplainably fell off the counter injuring plaintiff).
Accordingly, the plaintiffs burden of demonstrating the application of the doctrine of res ipsa loquitur to the facts of this case has not been met.[1]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED.

 The plaintiff requested at the hearing on this motion that he be given leave to obtain an expert opinion. At this juncture, the plaintiff is too late to seek leave to submit an expert affidavit. Further, on these facts, any expert opinion would likely be speculative.