Blanche Collins *vs.* George A. Humphrey.

Worcester.  September 28, 1943. — October 29, 1943.

Present: Field, C.J., Donahue, Qua, & Dolan, JJ.

*Landlord and Tenant,* Repairs.

Evidence of a conversation between a landlord and his tenant as to the condition of the demised premises and as to the landlord, instead of the tenant, making repairs thereto, where the tenant, under agreement with the landlord, previously had been attending to such repairs, although it might have warranted a finding that the landlord then agreed to

assume "full responsibility" to put the premises in good condition, did not warrant a finding that he further agreed to assume continuing responsibility to keep the premises in good condition thereafter upon his own initiative and inspections without notice from the tenant of the necessity for repairs.

TORT. Writ in the Superior Court dated January 27, 1940.

The case was tried before *Swift*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions. In this court the case was submitted on briefs.

*J. Y. Young*, for the plaintiff.

*G. R. Stobbs & L. E. Stockwell*, for the defendant.

QUA, J. On August 29, 1939, the plaintiff's husband was a tenant at will of the defendant in premises on Orange Street, in Worcester, where the plaintiff and her husband resided. On that day the plaintiff fell and was injured by reason of the defective condition of some steps leading from the kitchen to a walk. The steps were used only by the plaintiff and her family and were apparently part of the demised premises. At any rate, the plaintiff's case is rested upon the proposition that the defendant had agreed "to keep the rented premises in a condition of safety on his own responsibility without reference to notice by the tenant," which is equivalent to saying that this case belongs to the third class of cases described in *Fiorntino* v. *Mason*, 233 Mass. 451, 453, where the landlord agrees that he will "keep and maintain the premises in a condition of safety on his own responsibility and without reference to notice from the tenant of defective conditions," and where he "constantly retain[s] such possession of the premises as is necessary for that purpose."

The evidence on the point came entirely from the plaintiff's husband, who testified that up to February or March his rent had been "only" $16 a month because he had been doing work for the defendant on the premises for which the defendant gave him credit; that in February or March he went to the defendant's office "to straighten out the bill"; that after some dispute they "settled that up"; that the defendant told the witness that the defendant "would have

to make new arrangements" by which the rent would be increased to $5 a week; that upon the witness suggesting that he might not stay in the house at that rental in view of the condition of the house, the defendant said "he would take full responsibility and would make the place safe and sound"; that the witness said "All right," and that they shook hands; that the defendant said that "he was going to take charge of everything"; that the witness "was not to do any repairs whatsoever"; that the defendant "was to do the repairs and keep it in good condition"; and that when the defendant said to the witness that "he would take the responsibility and keep it in good condition," the witness said "All right, Mr. Humphrey", and that they shook hands. The foregoing evidence was somewhat qualified on cross-examination, but we assume that the plaintiff was entitled to the benefit of it.

The question is whether this evidence would warrant a finding that the defendant agreed "to relieve the tenant from any attention or thought respecting notice of needed repairs, so that the tenant . . . [might] be as care free respecting the condition of the demised premises as is the guest in a hotel respecting the room assigned for his occupancy." *Fiorntino* v. *Mason,* 233 Mass. 451, 453. In our opinion it falls short of what is required to establish an undertaking of the kind contended for. Such an undertaking is burdensome in the extreme to the landlord. At least when applied, as here attempted, to all portions of a tenement, it involves a degree of retention of control by the landlord which would be a surprise to most tenants. It must be seldom indeed that such an agreement is actually made. Such an agreement is not readily to be inferred from evidence which fails to disclose distinctly every essential element of it. It cannot be found from evidence of a promise to assume complete responsibility for placing the premises in a condition of repair and safety without evidence of an agreement to assume complete and continuing responsibility for keeping them in that condition thereafter. *Trainor* v. *Keane,* 304 Mass. 466. *Bailey* v. *First Realty Co.* 305 Mass. 306, and cases cited. The evidence fails at

this point. Although there was evidence that the defendant agreed to assume "full responsibility" to "make the place safe" there was no evidence that he agreed to assume full responsibility to keep it so, that is, continuing responsibility for making all repairs needed at any later time upon his own initiative without notice from the tenant and to make all inspections of the entire premises required to ascertain whether repairs were needed. The mere promise to "do the repairs and keep it in good condition," especially when taken in connection with the evidence that previously the husband of the plaintiff had been attending to repairs, does not bring the case within the third class of cases in *Fiorntino* v. *Mason,* but places it in the second class, where the obligation is only to repair on notice, and where liability in tort exists only for actually making the repairs in a negligent manner. 233 Mass. 451, at pages 453–454. *Miles* v. *Janvrin,* 196 Mass. 431, 433. The statement which appears later in the evidence relative to the time when the defendant had said to the witness that the defendant would "take the responsibility and keep it in good condition" seems to have been merely a reference to the testimony previously given by the witness as to what the defendant had promised and not evidence of some further and additional promise by the defendant to assume full exclusive responsibility to keep the premises safe at all times. At least there is nothing to show that the witness was testifying to an additional promise rather than merely referring to the testimony he had previously given in fuller detail.

*Exceptions overruled.*