WESTERLY TOBACCO CO. *vs.* BERTRAM HUBERMAN.

Suffolk. November 10, 1955. — February 6, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Cigarette. Sale,* Validity, Sale of cigarettes. *Practice, Civil,* Appellate Division: ordering judgment.

At the trial of an action by a wholesaler of tobacco products against a retailer to recover the price of cigarettes sold to the defendant, findings that the plaintiff violated § 14 (a) of c. 64C, inserted in the General Laws by St. 1945, c. 547, § 1, by selling the cigarettes at less than cost and that the sale was void under § 17 were not warranted where the only evidence respecting the cost of the cigarettes to the plaintiff was a list of manufacturers' minimum prices for different brands constituting merely a statement by the commissioner of corporations and taxation of his findings of the minimum prices generally charged by manufacturers for those brands and, if the plaintiff paid such prices for any of the listed brands, it did not appear what brands were sold to the defendant. [550]

Where a report of a District Court to the Appellate Division in an action for goods sold contained all the evidence material to the defence of illegality as to part of the plaintiff's claim, which was the only issue in the case, and such evidence did not warrant a finding of illegality and the judge should have granted a ruling requested by the plaintiff

to that effect, it was proper for the Appellate Division under G. L. (Ter. Ed.) c. 231, §§ 110, 124, to order vacated a finding made for the plaintiff for only the undisputed balance of his claim and to order entry of a finding for the full amount. [550–551]

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 2, 1953.

The action was heard by *Tomasello*, J.

*Milton S. Schwartz*, for the defendant.

*Harry Pollack*, for the plaintiff.

WILLIAMS, J. This is an action of contract on an account annexed by a wholesaler to recover from a retailer the sale price of tobacco products sold and delivered to him by the wholesaler in October and November, 1953. It was agreed that if the plaintiff was entitled to full recovery the balance due on the account was $1,062.29 and of this amount $647.72 represented the sale of cigarettes. The defendant contends that the plaintiff violated G. L. (Ter. Ed.) c. 64C, § 14 (a), inserted by St. 1945, c. 547, § 1, by selling cigarettes to him at less than cost, and that under § 17 the sale is void. The formula for determining "cost to the wholesaler" is stated in § 13 (c). Such cost is said to mean the invoice cost to him or the replacement cost within thirty days prior to the sale to the retailer whichever is lower, less trade discounts except customary discounts for cash and with the addition of certain overhead costs and expenses. There was evidence that when payments were made on account by the defendant "he was either given in cash an amount representing five cents a carton on cigarettes purchased or given credit for such an amount."

The trial judge denied the plaintiff's request for a ruling that "As a matter of law, the evidence is insufficient to support a finding that the plaintiff has violated the provisions of § 14, c. 64C of the General Laws," and found for the plaintiff in the amount of $414.57, which was the balance of the plaintiff's account after deducting the charge for cigarettes. On report to the Appellate Division it was ordered that the finding be vacated and a finding entered for the plaintiff in the amount of $1,062.29.

The report stated that it contained all the evidence material to the questions raised. The only evidence respecting the cost of the cigarettes to the plaintiff was a copy of a document entitled "Wholesalers' Price List" which contained a list of manufacturers' prices per thousand for different brands of cigarettes and a list of the prices "wholesale delivered" per carton for the same brands. Under the lists appeared the words, "The above minimum wholesale prices of cigarettes established by me as of March 3, 1953, are in compliance with § 13, ch. 64C, Cigarette Excise Law. [Signed] Henry F. Long Commissioner of Corporations and Taxation."

As the commissioner had no authority to fix prices at which cigarettes were to be sold at wholesale (*Commissioner of Corporations & Taxation* v. *Ryan*, 323 Mass. 154, 157), and the lists of prices did not purport to be the result of a cost survey of the trade referred to in § 20, we think that the document must be construed as a statement of the commissioner's findings respecting the minimum prices generally charged by manufacturers and wholesalers of cigarettes on or about March 3, 1953.

The lists did not purport to state the cost to the plaintiff of the cigarettes ascertained in accordance with § 13 (c). If it could be inferred that the plaintiff paid for any of the listed brands of cigarettes the amounts which are stated to have been the manufacturers' minimum prices, there is nothing in the record to indicate what brands were sold to the defendant. All that appears is that the latter purchased cigarettes at a price of $647.72.

The plaintiff was entitled to the requested ruling and to a finding in its favor for the amount of the agreed balance. There was no error in the order of the Appellate Division that such finding be entered. By G. L. (Ter. Ed.) c. 231, § 110, the Appellate Division has power, similar to that granted to the Supreme Judicial Court under § 124, to direct entry of judgment where it is "satisfied that it has before it all the facts necessary for determining the question in dispute." *Elliott* v. *Warwick Stores, Inc.* 329 Mass.

406, 409. Since the report contained all the evidence bearing upon the issue presented by the denial of the plaintiff's requested ruling and such evidence was insufficient to warrant a finding that the cigarettes were sold in contravention of the statute, there was no occasion to remand the case for a new trial.

*Order of Appellate Division
affirmed.*