No. 426368

### SOMERVILLE AUTOMOBILE CORP.
v.
### AMERICAN DISCOUNT CORP.

(October 4, 1957 — January 21, 1958)

*Present:* Gillen, J. (Presiding), Lewiton and Roberts, JJ.

Case tried to Tomasello, J., in the Municipal Court of the City of Boston.

*Lewiton, J.* The plaintiff, an automobile dealer, received promissory notes from two of its customers to whom it had sold automobiles, and thereafter assigned each note and the conditional sales contract to which it related to the defendant, under arrangements hereinafter more fully described. In this action, the plaintiff seeks to recover certain payments which it claims to be due to it from the defendant pursuant to each of those transactions. After the court found for the plaintiff, the defendant claimed a report of the trial judge's actions on requests for rulings filed at the close of the trial, and of various findings made by the trial judge in connection therewith.

The nature of the transactions from which this action arose is illustrated by the following summary of the evidence pertaining to one of those transactions: One Carrabis executed a conditional sales contract and a promissory note payable to the plain-

tiff, calling for the payment of $813.24 in eighteen monthly installments of $45.18 each beginning August 28, 1954. This contract and note were sold and assigned to the defendant by the plaintiff. The treasurer of the defendant testified that at the time of such assignment of the note and contract, he told the plaintiff's representative that the defendant would advance $450 to the plaintiff on the transaction and that a "reserve of $28.75 and a withhold of $125" would be paid to the plaintiff after six months. He further testified that "simultaneously with the transfer of this conditional sales contract and note by the plaintiff to the defendant, the plaintiff received from the defendant the following document:

'AMERICAN DISCOUNT CORPORATION
Dealer Somerville Auto Sales    Date July 28, 1954
Customer James Carrabis
If the above named customer whose contract we have purchased from you meets each payment when due and if you do not have any contingent or other outstanding obligations with us, we will pay you reserve of $28.75 after six monthly payments and the withhold of $125 after six monthly payments.
AMERICAN PLAN
By: (s) Charles Vine
Authorized Signature"

It further appeared in evidence that none of the first six payments was made by the customer when due according to the terms of the note; that during the first six months, the total paid by the customer amounted to $180.54 as against the obligated total of $270.96 for that period; that between the date of assignment (July 28, 1954) and July, 1955, the customer paid substantially more than the equivalent of six monthly payments; and that after various payments by the customer and by the endorser of his note, the defendant "wrote off" a balance of $199.72 on April 6, 1956 to conclude the transaction.

There appears to have been no evidence introduced as to whether the plaintiff had "any contingent or outstanding obligations" with the defendant at the end of six months after the assignment or at any other time which may have been material.

The facts with respect to the second transaction were basically the same, except for the amounts involved, the projected period of monthly payments, and the unpaid balance finally "written off" by the defendant.

At the close of the trial, the defendant submitted several requests for rulings. In request numbered 1, the defendant sought a ruling to the effect that the burden of proof was on the plaintiff to show under each count of the declaration that the customer whose contract was purchased by the defendant met each payment on its due date, and that the plaintiff did not have any contingent or outstanding obligations with the defendant at the time that the agreement between plaintiff and the defendant called for payment of the "reserve" and the "withholding". As to this request, the ruling was: "Granted — I find on facts that by conduct of the parties, due date was extended and condition was waived — Also defendant was estopped by actions to set up default."

Requested ruling number 6 was that as matter of law there should be a finding for the defendant on each count because the plaintiff had failed to prove compliance with the conditions enumerated in requested ruling number 1. As to request number 6, the court ruled "Denied — See nos. 1, 2, and 5."

Requested ruling number 4, to the effect that the evidence on each count of the declaration did not warrant a finding for the plaintiff, was denied without qualification by the trial judge.

It is the duty of the trial judge, upon requests for rulings properly submitted to him, to state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review may

be preserved. *Perry v. Hanover,* 314 Mass. 167, 173; *Memishian v. Phipps,* 311 Mass. 521, 522-3; *Home Savings Bank v. Savransky,* 307 Mass. 601, 603; *Castano v. Leone,* 278 Mass. 429, 431.

An examination of the rulings made by the trial judge in this case, against the background of the evidence reported, discloses certain inconsistencies or ambiguities. Thus, the nominal granting of defendant's requested ruling number 1 indicates that the trial judge deemed the plaintiff to be originally bound by the precise terms and conditions set forth in the memorandum delivered at the time of each assignment. But then the court proceeded to find that the due date was extended "by conduct of the parties" without indicating whether he meant "the parties to this action" or the parties involved in the payments, namely, the defendant and the customer in each transaction. Moreover, though the report states that all evidence material to the questions reported has been included, we find no evidence to support the findings that the due date had been extended or that the condition with respect to obligations from the plaintiff to the defendant had been waived, or any facts to support a finding of estoppel against the defendant. Thus, the reported evidence does not support the findings made by the court and relied upon by it as justification for denying the defendant's requests based upon the plaintiff's non-compliance with the terms of the memorandum. Consequently, it would appear that the requested ruling number 4 to the effect that the evidence on each count did not warrant a finding for the plaintiff should have been granted.

While the Appellate Division has the authority in such case to correct the error by ordering judgment for the defendant, *Westerly Tobacco Co. v. Huberman,* 333 Mass. 548, 550; *Elliott v. Warwick Stores, Inc.,* 329 Mass. 406, 409 such action would not be appropriate in this instance because of

various ambiguities in the report, to some of which we have adverted. Justice will better be served in this case by vacating the finding made by the trial court, and by ordering a new trial of the action.

*Judgment for the plaintiff vacated. New trial ordered.*

Max Marks, for the plaintiff.
Joseph E. Levine for the defendant.