RUTH A. SCHOPEN & another vs. JOHN S. RANDO
& another.

Middlesex.    December 6, 1961. — February 5, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Landlord and Tenant,* Control of premises, Landlord's liability to third
person, Tenant's liability to third person, Store, Repairs. *Negligence,*
One owning or controlling real estate, Store, Swinging doors. *Proxi-
mate Cause.*

A finding that the owner of a leased store entered through swinging doors
was in control of the entranceway when a customer of the lessee was
injured by the maladjustment and improper operation of the doors was
not warranted by evidence merely that the lease reserved to the owner
necessary space for the maintenance of pipes and wires and contained a
covenant by him to make, upon written notice from the lessee, "all out-
side and structural repairs including . . . approaches required to keep
the demised premises presentable and in good tenantable condition," and
that under a guaranty of the doors running from their manufacturer
to the owner adjustments were made in the doors before the accident.
[530, 531–532]
Evidence of improper operating condition of "two swinging doors" con-
trolled by a "door check" system at the entrance of a store and of lack
of adjustments made to the doors during the three months preceding
injury to a customer of the store when she pushed a door with her right
hand, "went through, and before she knew it . . . was completely
turned around and her hand was in between the two doors" would have
warranted a finding of negligence on the part of the proprietor of the
store which caused the customer's injury.   [530–531, 532]

TORT.    Writ in the Superior Court dated January 19,
1959.

The action was tried before *Tomasello, J.*

*J. Chester Webb,* for the plaintiffs.

*John F. Finnerty,* for the defendant Rando.

*Arthur J. McLaughlin,* for the defendant Bates Phar-
macy, Inc.

SPIEGEL, J.    This is an action of tort for personal in-
juries sustained by Ruth A. Schopen and consequential
damages sustained by her husband, William E. Schopen.

Mrs. Schopen was injured on June 14, 1958, when entering certain premises owned by the defendant John S. Rando and leased by the defendant Bates Pharmacy, Inc. hereinafter called Bates. At the close of the evidence each of the defendants moved for directed verdicts. The motions were granted and the case is here on the plaintiffs' exceptions thereto.

The lease of the premises reserved to the owner "space necessary for installing, maintaining and operating steam, water and other pipes and electric and telephone and other wires to serve the leased premises and other parts of the building, together with the right of access by the lessor and his agents therefore, and for repairs, alterations and additions thereto." It also provided as follows: "The lessor covenants and agrees but only upon due notice in writing from the lessee to make all outside and structural repairs including the foundations, walls, roofs, skylights, downspouts, sidewalks and approaches required to keep the demised premises presentable and in good tenantable condition."

The defendant Rando testified that the doors were controlled by a "door check" system concealed beneath the threshold. The door check was adjusted prior to March, 1958, by the manufacturer under a one year guaranty "from March, 1957." The adjustment was made at the request of Rando. The guaranty ran from the manufacturer to Rando as owner of the premises. No adjustments were made between March, 1958, and the date of the accident by anyone working under the direction of Rando.

Mrs. Schopen testified that the doors at the entrance to the Bates premises were "two swinging doors"; that "[s]he pushed the door with her right hand, went through, and before she knew it she was completely turned around and her hand was in between the two doors." She reported the accident to one Brown, the manager of Bates. Her testimony that Brown told her that he had asked one Rando to have the doors fixed and that other people had been hurt was admitted only as against the defendant Bates. On cross-examination Mrs. Schopen stated that, when she put her right hand on the right door, the left door was closed;

that she exerted pressure on her arm and the door moved. When asked, "How did the door move?" she replied, "I have no idea. I was taken too quickly."

An employee of Bates, one Doris Fetterhof, testified that the door "was swinging a little hard." She did not know how long that condition had existed. She doubted that it was " 'a couple of weeks' . . . it might be a couple of days, I don't really know."

There was testimony by one Frieje, the principal stockholder of Bates, that Brown had the duty of inspecting the condition of the doors.

Brown, the manager of Bates, testified that shortly after the store opened in 1957 "they started having trouble with the doors"; that prior to the accident the doors were adjusted because they were "swinging back too hard"; that people had told him "they didn't think the doors were working right"; that he had "noticed prior to June 14, 1958, that the doors seemed to swing back too fast"; that "the doors had not been operating properly for some months prior to June 14, 1958"; that he did not "feel that the doors were swinging fast enough to hurt anybody"; and that he had made an oral report to Rando and to Frieje.

In response to certain interrogatories propounded to the defendant Bates, the evidential value of which was restricted as applying only to Bates, Brown stated that in his judgment the doors were not in proper operating condition on June 14, 1958, and that "at the time of inspection" the doors "required adjustment." When asked whether Bates reported "that the front doors to the pharmacy's premises were not in proper operating condition on or before June 14, 1958," Brown answered, "Yes."

There was insufficient evidence to warrant a finding that Rando retained control over the entrance to the premises. *Leonardo* v. *Great Atl. & Pac. Tea Co.* 340 Mass. 450, 453. *Dias* v. *Woodrow,* 342 Mass. 218, 220–221. The reservation in the lease relating to the maintenance of pipes and wires obviously is not evidence of retention of control of the doors leading to the demised premises. Evidence that adjustments were made by the manufacturer of the doors under

a guaranty running to the owner does not establish such control.

Nor could the covenant to repair contained in the lease constitute a basis for the owner's liability. Failure to repair under such a covenant does not impose liability in tort. *Fiorntino* v. *Mason,* 233 Mass. 451, 453. *Wierzbicki* v. *Thacher,* 273 Mass. 346, 349. *Salsman* v. *Frisch,* 276 Mass. 228, 229–230. *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313.

There was no error in directing verdicts for the defendant Rando.

Bates owed to its customers the duty to keep the premises reasonably safe for their use. *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560, 563. This duty extended to the entrance to the premises. *McCarthy* v. *Great Atl. & Pac. Tea Co.* 292 Mass. 526, 527.

The plaintiffs are not bound to exclude every possible cause for the injury other than the negligence of Bates. They are ". . . only required to show by a preponderance of the evidence a greater likelihood that . . . [the injury] resulted from an act of negligence for which the defendant is responsible rather than from a cause for which it is not liable." *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456, 458. *Rocha* v. *Alber,* 302 Mass. 155, 157–158.

In the case at bar the facts warranted an inference which showed a causal connection between the alleged negligence and the injury. *Altman* v. *Barron's, Inc., ante,* 43, 47–48.

It is plainly distinguishable from those cases where the cause of the accident was left within the realm of guesswork. Cf. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 321; *Howard* v. *Lowell Coca-Cola Bottling Co., supra,* 458; *Glassman* v. *Hamel,* 341 Mass. 422, 425; *Cohen* v. *Suburban Sidney-Hill, Inc., ante,* 217, 219.

It was error for the judge to direct verdicts for the defendant Bates.

The exception to the direction of verdicts for Rando is overruled. The exception to the direction of verdicts for Bates is sustained.

*So ordered.*