RICHARD LONG *vs.* CHESLEY B. RUSSELL & another. May 31, 1962. Exceptions sustained. Judgment for the defendants. The plaintiff, who lived with his parents, was injured on November 2, 1955, by reason of a fall alleged to have been caused by a defective step on premises (a single family house) which his father had rented from the defendants as a tenant at will. A jury returned a verdict for the plaintiff. The question is whether the judge erred in denying the defendants' motion for a directed verdict. There was no evidence that the defendants retained control of that part of the premises where the accident occurred. The sole basis for recovery is that the defendants failed to comply with an agreement in which they "retain[ed] the responsibility of any exterior maintenance necessary to the property." This undertaking, as amplified by other evidence, was not of the very unusual sort described in the third category stated in *Fiorntino* v. *Mason*, 233 Mass. 451. Rather it falls within the second category mentioned in that case; it was an agreement to repair on notice. *Collins* v. *Humphrey*, 314 Mass. 759. *Jacovides* v. *Chaletzky*, 332 Mass. 225. It could have been found that the defendants failed to repair the step in question after notice. But the "landlord under such a contract is not liable for personal injuries resulting from a defective condition of the premises unless he makes repairs and makes them negligently." *Fiorntino* v. *Mason, supra*, at page 453. The denial of the defendants' motion for a directed verdict was error.

*James P. Lynch, Jr.* for the defendants.

*Albert C. Doyle*, for the plaintiff, submitted a brief.