*Northern District*

No. 5441

**VERONICA M. ESSEX AND JOHN ESSEX**

v.

**STOP & SHOP, INC.**

*Dec. 12, 1962*

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Lynch, J.* in the Municipal Court of Dorchester. No. 646 of 1958.

*Brooks, P. J.* This is an action of tort wherein plaintiff seeks to recover for injuries resulting from defendant's negligence. The answer is a general denial and contributory negligence.
*At the trial there was evidence tending to*

*show that* plaintiff, Veronica M. Essex, was hit on the head by a hinged metal and wooden counter top used as a counter gate at the check-out register on defendant's premises and as a result sustained injuries; that the counter gate was pulled over by plaintiff's son seated in the grocery wagon; and that the counter gate should have been hooked back and immediately after the accident was hooked back. At the close of the trial, defendant offered the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiff.
2. There is no evidence of negligence on the part of the defendant.
3. That the evidence warrants a finding of contributory negligence.
4. That the condition was at all times open and obvious to the plaintiff.

These requests were disposed of as follows: 1. Denied. 2. Denied. 3. Granted, but I do not so find. 4. Denied, while such a finding is warranted on the evidence, I do not so find, but do find plaintiff, Veronica M. Essex, was in the exercise of due care.

The court found the defendant was negligent and the plaintiff, Veronica M. Essex, was in the exercise of due care and found for the plaintiff.

Defendant claims to be aggrieved by the special findings of fact and the denial of his requests for rulings #1 and #2.

When this case came before the Appellate Division, after consideration it was remanded to the Municipal Court of Dorchester for clarification of the judge's finding. The court made the following clarification:

"Court finds as a fact plaintiffs were in the exercise of due care and that defendant was negligent.

There was evidence by employee that gate or door was pulled over by two year old son which was not believed. Also that the gate or door was unlocked at the time of the accident, by same employee.

Counter gate should have been hooked back."

The only question before this court is whether or not defendant was negligent. There was evidence that plaintiff's son pulled the counter top over onto his mother. The court, however, makes it clear in the clarification that it did not believe the testimony.

■ The court found that the gate was equipped with a hook the purpose of which was to keep it from falling when open and that the counter was not so hooked at the time of the accident. The judge was justified in finding that the counter fell without fault of plaintiff because it had been unlocked at the time of the accident by an employee of defendant another one of whose employess, the cashier, was in close proximity.

■ It is the duty of a store proprietor to use reasonable care to keep the premises under his control in a fairly safe condition

for the use of customers. *Heina v. Broadway Fruit Market, Inc.,* 304 Mass. 608, 610; *Berube v. Economy Grocery Store Corp.,* 315 Mass. 89, 91; *Young v. Foodfair, Inc.,* 337 Mass. 323, 324; *Schopen* v. *Rando,* 343 Mass. 529, 532. In the present case the premises were not in a safe condition because the counter gate at the time of the accident was not hooked back. Had the gate been hooked back it is reasonable to infer that it would not have fallen and injured plaintiff.

In those cases it is necessary always to determine whether defendant knew or should have known of the dangerous condition. This question seems to be fairly answered in the affirmative. The trial judge found that an employee of defendant had "unlocked" the gate at the time of the accident. This we infer from the context means "unhooked".

Also the evidence disclosed that the counter gate was located close to the cashier who should have noticed that it was "unhooked". Under these circumstances the court's finding of negligence certainly cannot be said to be clearly wrong. The recent case of *Deagle v. The Great Atlantic & Pacific Tea Co.,* 343 Mass. 263 is to be distinguished from the case before us since in that case the location of the dangerous condition was fifteen feet from the cashier and on the floor. Also this case lacked evidence of the identity of the person responsible for the dangerous condition.

There being no conjecture as to what caused

the injury to plaintiff as there was in *Rankin v. Brockton Public Market, Inc.,* 257 Mass. 6, the order must be:

Report Dismissed.

William F. Dierkes, of Boston, for the Plaintiff.
Charles E. Colson, of Boston, for the Defendant.