*Northern Division*

No. 5996

**LENA CONNOR**

v.

**GULF OIL CORPORATION**

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Glaser, J.* in the First District Court of Eastern Middlesex. No. 5089 of 1963.

*Parker, J.* In this action of tort, the plaintiffs declaration, which is in one count only, alleges that she sustained personal injuries due to the dangerous, unsafe, negligent and defective condition of the premises owned and operated by the defendant. The defendant's answer is a general denial, contributory negligence and assumption of risk by the plaintiff.

*There was evidence that*:

The plaintiff, at about 5:30 P.M. 13 August 1963, entered a gasoline station to get her motor vehicle which for consideration she had previously left there. As she was walking across the driveway of the gasoline station, she fell on the edge of, and into a part of a depression therein and hurt her ankle. She observed Gulf signs on the premises of the gas station.

The defendant leased the premises to one Appel by a lease dated 28 February 1963 with an agreement called "Lesee-Dealer Responsibility for Service Station Maintenance".

The defendant prior to the accident had arranged for repairs by independent contractors of the premises consisting of painting, replacing glass, repairs to an air compressor, recaulking of the building, and repairs to the rest room, but there were no repairs made to the driveway prior to the accident.

There was testimony, which was limited to the issue of control of the premises only,

that after the accident the defendant, through an independent contractor, had repairs made to the alleged defect in the driveway.

The relevent provisions of the lease by the defendant to its lessee read as follows:—

"the lessee covenants and agrees he has examined and is familiar with the condition of the premises . . . . , and that same are received by Lessee in good order and condition . . . . without warranty by Lessor as to the condition or repair thereof. Lessee recognizes that the premises have . . . . value as a gasoline service station . . . . and agrees to conduct his business thereon in such manner that its value as such will not depreciate . . . . keeping said premises . . . . sidewalks, approaches and driveways in good condition and repair . . . . (and) properly lighted, clean, safe . . . . ."

The lessee also agreed

"to exonerate, save harmless, protect, and indemnify Lessor from any and all losses, damages, claims, suits or actions, judgments and costs which may arise or grow out of any injury to . . . . any person . . . . caused by or in any manner connected with the use, possession, repair or condition of said premises . . . . ."

The lease also provides that the Lessor (the defendant) shall be entitled to all the remedies incident to the relation of landlord and tenant and further that it contains the entire agreement between the parties relating to the subject matter hereof.

In addition to the lease, the defendant and the lessee entered into a written agreement stating that "For the purpose of clarification and avoiding misunderstandings, the . . . . (Lessee) and . . . . (Lessor) have set out in detail the following maintenance responsibilities applicable under their . . . . Lease." Under the heading *"DRIVEWAYS, STRUCTURAL DEFECTS"* appears the following, " . . . . in order to assist the Dealer in the upkeep of his Station . . . . Gulf will repair the surface of the driveways . . . .".

The court found for the plaintiff in the amount of $981.18 including interest.

The defendant properly filed with the court six requests for rulings which are as follows:

1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

5. The evidence does not warrant a find-

that a defect existed as alleged in the plaintiff's declaration.

6. The evidence does not warrant a finding that there was a change of condition of that portion of the premises where the plaintiff alleges she was injured from the time of the inception of the lease between the defendant and Emil N. Appel to the time the alleged accident occurred.

The court denied all requests of the defendant and made a special finding that a negligent condition existed on the premises for which the defendant was responsible and that said condition was the cause of the injuries which the plaintiff sustained. The defendant claims to be aggrieved by the denial of each of its requests.

The plaintiff failed to file a brief with us and did not argue.

The plaintiff since she had left her car with the lessee for a consideration was the business invitee of the lessee. The defendant is the landlord of the lessee. The plaintiff's claim therefore is derived through the lessee. *Donnelly v. Larkin,* 327 Mass. 287, 290; *Levins v. Theopold,* 326 Mass. 511; *Brown v. A. W. Perry Co.,* 325 Mass. 479; *Marquis v. John Nesmith Real Estate Co.,* 300 Mass. 203, 205.

The determination of the obligation of the defendant to his tenant, the lessee, and so to the plaintiff depends upon whether the defendant had control over the locus

where the accident happened for if the lessee had that control, the defendant cannot be held. *Hannon v. Schwartz,* 304 Mass. 468, 470; *Cunningham v. Cambridge Sav. Bank,* 138 Mass. 480.

■ The burden of proof is on the plaintiff to show that the landlord had control of the place where the accident happened. *Dias v. Woodrow,* 342 Mass. 218, 220.

The lease provided that the lessee,

1. . . . . will keep the premises, sidewalks, approaches, and driveways in good condition and repair . . . . and safe.

2. . . . . will hold the lessor (the defendant) harmless from any claim for injury to a person caused by or in any manner connected with the use, possession, repair, or condition of the premises.

By the agreement entered into by the lessor and the lessee "For the purpose of clarification and avoiding misunderstandings" there is "set out in detail . . . . maintenance responsibilities applicable under their . . . . Lease. Under the heading *"DRIVEWAYS, STRUCTURAL DEFECTS"* in the agreement appears the following

"In order to assist the Dealer in the upkeep of his Station leased from Gulf, Gulf will repair the surface of the driveways . . . .".

The agreement also states that

"None of the above is intended to limit the generality or reduce the extent of the Dealer's responsibility as Lessee for maintenance and repair under the . . . . Lease."

██ Neither the lease nor the agreement reserved an immediate right of entry in the lessor to enter for repairs or a right to enter to inspect for repairs. Without such a reservation by the landlord, he cannot be held liable to a third party for injuries caused by lack of repair to the premises. *Maloney v. Hayes,* 206 Mass. 1, 3.

██ The lease and the agreement do not put the defendant in control of the locus of the accident. By the terms of the lease, the lessee is to keep the driveways in repair. The agreement does not change this situation. It is made to assist the lessee in the upkeep of the Station and the lessor and the lessee agree that the agreement does not reduce the extent of the Dealers (the lessee) responsibility for maintenance and repair under the lease. The lease and agreement are not an agreement by the defendant to maintain the premises in a condition of safety. At the most, they comprise a mere general agreement to repair by the defendant to assist the dealer in the upkeep of the station. It gives no control over the locus to the defendant. *Ryerson v. Fall River Philanthropic Burial Society,* 315 Mass. 244, 248; *Bailey v. First Realty Co.,* 305 Mass. 306, 307; *Andrews v. Leominster Sav. Bank,* 296 Mass. 67, 69, 70; *Cormier v. Weiner,* 277 Mass. 518, 520; *Fiorntino v. Mason,* 233 Mass. 451; *Miles v. Janvrin,* 200 Mass. 514, 515, 516.

██ Further, it would appear that even if the defendant was to be held liable for

failure to make repair to the driveway, he should have notice of any defect, and the report fails to show any such notice. Without such notice, there is no liability on the defendant. *Ryerson v. Fall River Philanthropic Burial Soc.,* 315 Mass. 244, 248; *Fiorntino v. Mason,* 233 Mass. 451, 453; *Miles v. Janvrin,* 196 Mass. 431, 438-39; *Galvin v. Beals,* 187 Mass. 250, 252-53.

Since the agreement between the defendant and the lessee was at the most an agrement by the defendant to repair, the only liability on the defendant would be in contract for an omission to repair. There is no liability in tort. *Schopen v. Rando,* 343 Mass. 529; *Sordillo v. Fradkin,* 282 Mass. 255, 257; *Fiorntino v. Mason,* 233 Mass. 451; *Miles v. Janvrin,* 200 Mass. 514, 515.

Since under the lease and agreement between the defendant and his lessee, the defndant was not in control of the locus of the accident to the plaintiff, there was error in the denial of the defendant's requests for rulings ##1, 3, and 4 and in finding that the defendant was responsible for the condition of the premises which caused the injury to the plaintiff. In view of the foregoing we do not pass upon the ruling of the court on the defendant's requests ##2, 5, and 6.

Accordingly, the finding for the plaintiff should be vacated and a finding should be entered for the defendant, *and it is so ordered.*

Lawrence J. Fitzgerald, of Wakefield, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendants