*Second District*

No. 24153

## ANITA CAREY

v.

## LUDVINA SARDINHA ET AL

*Present*: Nash, C.J. Cox, Lee, J.J.

Tried to *Driscoll, J.*, in the Second District Court of Bristol.　　No. 24153.

*Cox, J.* The plaintiff has occupied as tenant at will the first floor apartment of a three family house at 132 Horton Street in the City of Fall River for about eight years. The defendants have been her landlords for six years preceding the accident. On May 20, 1965, a portion of the living room ceiling fell and injured the plaintiff's arm. She brought this action of tort to recover damages for her injury. There was a finding for the plaintiff. The case was reported because the defendants claim to be aggrieved by the denial of their requests for rulings numbered 1, 5, and 7, which are:

1. In the absence of an agreement the landlord has no duty to make repairs. *Fiorntino* v. *Mason,* 233 Mass. 451.

5. Failure of the landlord to repair where

there is an agreement to repair and where he has received notice gives rise only to an action for breach of contract and not of tort. *Fiorntino* v. *Mason,* 233 Mass. 451.

7. All the evidence requires a finding that the damages of the plaintiff are limited to the cost of repairs if any.

The evidence most favorable to the plaintiff, and as testified by her, was that five months before the accident she noticed a crack in the living room ceiling and brought this to the attention of one of the owners. She asked him to have it fixed to which he replied that he would have it fixed. She brought the matter to the owner's attention on several other occasions on each of which he promised he would send someone to fix it. She told him that if he did not fix the ceiling she would move. The defendants denied any agreement to repair the ceiling or any mention of the ceiling by the plaintiff before the accident.

██ The case falls within the second class of cases described in *Fiorntino* v. *Mason,* 233 Mass. 451. The plaintiff notified the defendants of the defective ceiling and received their promise to have it fixed. The plaintiff was injured when the ceiling fell. The defendant's negligent omission to make the repairs is not ground for this action of tort. The defendants are not liable for the plaintiff's injuries resulting from the defective ceiling.

■ Such liability would have occured only if the defendants had undertaken to repair the ceiling and had done so negligently. *Fiorntino* v. *Mason,* 233 Mass. 451, 453. See also *Long* v. *Russell,* 344 Mass. 758. *Schopen* v. *Rando,* 343 Mass. 529, 532. *Bushfan* v. *Gluck,* 339 Mass. 772. *Jacovides* v. *Chaletsky,* 332 Mass. 225. *Flynn* v. *Middlesex Co-op. Bank,* 316 Mass. 659, 662. *Ryerson* v. *Fall River Philan. Burial Soc.,* 315 Mass. 244, 250. *Collins* v. *Humphrey,* 314 Mass. 759. *Diamond* v. *Simcovitz,* 310 Mass. 150 *Cormier* v. *Weiner,* 277 Mass. 518. *Roderick* v. *Kondazian,* 258 Mass. 477.

It was prejudicial error to deny the defendants' requested rulings. They correctly stated the law applicable to the case.

■ The case was fully tried and all the material evidence is reported. The finding for the plaintiff should be reversed and **judgment ordered for the defendants.** *Westerly Tobacco Co.* v. *Huberman,* 333 Mass. 548, 550.

The plaintiff filed no brief.

JOHN J. MULCAHY of New Bedford for the Defendant.