OLGA E. EVANGELIO & another *vs.* METROPOLITAN BOTTLING COMPANY, INC.

Suffolk.   March 2, 1959. — May 7, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Bottle, Res ipsa loquitur.   *Words,* "Res ipsa loquitur."

In an action against a manufacturer of a carbonated beverage distributed to the manufacturer's customers in bottles, evidence that from the time of manufacture and bottling of the beverage until it was delivered to the customers it and the bottles containing it were in the control of the defendant, that after a delivery of some cases of the bottled beverage by an employee of the defendant at a store in charge of the plaintiff nothing touched the bottles until, about fifteen minutes later, the plaintiff by hand took one of the bottles from a case to put it in a nearby ice box, and that as she was doing so the bottle exploded and injured her before it touched the ice box warranted a finding of negligence on the part of the defendant toward the plaintiff.

TORT.   Writ in the Municipal Court of the South Boston District dated January 10, 1956.

Upon removal to the Superior Court the action was referred to an auditor and was heard by *Lurie*, J., solely on the auditor's report. The defendant alleged exceptions to the allowance of a motion by the plaintiffs for judgment on the auditor's report and to the denial of a motion by the defendant for judgment thereon.

*Robert G. Conley*, for the defendant.

*James A. Liacos*, for the plaintiffs, submitted a brief.

SPALDING, J. The declaration in this action of tort contains two counts. In the first count Olga E. Evangelio, hereinafter called the plaintiff, seeks to recover for injuries she sustained by the explosion of a bottle of carbonated beverage alleged to have been negligently manufactured by the defendant; in the second count the plaintiff's husband sues for consequential damages.

Findings of an auditor, to whom the case was referred under the usual rule, include the following: The defendant was engaged in the business of manufacturing and distributing a carbonated beverage called Pepsi-Cola. In the sale and distribution of its product, the defendant's employees used motor trucks from which sales were made to "various tradesmen and storekeepers" who sold it at retail. In "the course of such sales most of the cases were piled on top of each other on the defendant's trucks." "From the time Pepsi-Cola was manufactured and bottled until delivery to a purchaser this beverage and the bottles containing it were in the sole custody and control of the defendant." There was no evidence as to who manufactured the bottles or as to how they were made. There was no evidence relating to the degree of carbonation of the beverage, or as to its ingredients or with respect to the process or care employed in its manufacture.

The plaintiff's husband owned and operated a variety store in South Boston in which he sold Pepsi-Cola at retail in bottles. The plaintiff frequently assisted her husband in running the store. On March 16, 1955, while the plaintiff was in charge of the store, an employee of the defendant delivered two cases of Pepsi-Cola. The employee deposited

these cases in the rear of the store, "one on top of the other," and received payment for them from the plaintiff.

About fifteen minutes later, the plaintiff picked from the top case two bottles with her left hand and one bottle with her right and proceeded toward an ice box fifteen feet away. When she reached the ice box she deposited therein the bottles held in her left hand and while in the act of depositing the bottle held in her right hand, it exploded and injured her hand. The bottle exploded before any part of it touched any part of the ice box.

From the time the cases were delivered at the store until the accident the plaintiff was alone in the store and during this period nothing had touched the bottles other than the handling of them by the plaintiff as above indicated.

The auditor, after finding the foregoing facts, left the question of liability to be determined by the court and assessed the damages to which the plaintiff and her husband would be entitled if they should prevail on the issue of liability.

In the Superior Court, the case was heard by a judge solely on the auditor's report. The plaintiffs moved for judgment on the auditor's report, and the defendant did likewise. The plaintiffs' motion was granted and that of the defendant was denied, subject to the defendant's exceptions. The correctness of this action presents the sole question for decision.

The plaintiff offered no evidence of a specific negligent act or omission as the cause of her injuries. The issue, then, is whether an inference of negligence on the part of the defendant could have been drawn from the fact that the bottle exploded, coupled with proof that it was handled properly after it had left the defendant's control. In cases of this character the question is normally phrased in terms of whether the doctrine of res ipsa loquitur applies. See, e.g., *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234. In recent years this court has tended to avoid the use of the Latin phrase even while applying the principles included within it by the common understanding. See *DiRoberto* v.

*Lagasse,* 336 Mass. 309; *Poulin* v. *H. A. Tobey Lumber Corp.* 337 Mass. 146, and cases cited; *Fitchburg Gas & Elec. Light Co.* v. *Samuel Evans Constr. Co. Inc.* 338 Mass. 752. This has been done in order to avoid the confusion and "mass of verbiage"[1] built up around the expression. See Prosser, Res Ipsa Loquitur in California, 37 Cal. L. Rev. 183; Seavey, Res Ipsa Loquitur: Tabula in Naufragio, 63 Harv. L. Rev. 643. Compare Jaffe, Res Ipsa Loquitur Vindicated, 1 Buffalo L. Rev. 1. From an offhand remark by Baron Pollock in *Byrne* v. *Boadle,* 2 H. & C. 722, in 1863, there has developed an "uncertain 'doctrine' . . . which has been the source of so much trouble to the courts that the use of the phrase itself has become a definite obstacle to any clear thought, and it might better be discarded entirely." Prosser, Torts (2d ed.) p. 201.

In essence, this doctrine, however denominated, merely permits the tribunal of fact, if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent. It does no more than recognize that negligence and causation, like other facts, may be established by circumstantial evidence. The nature of this permitted inference has been stated with clarity and succinctness by Lummus, J., in *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234.

Our first inquiry must be whether the explosion of a bottle containing a carbonated beverage is the kind of occurrence which usually does not happen in the absence of negligence. Neither of the parties has offered evidence as to the specific cause of the explosion. The burden of proof as to this matter, of course, rests on the plaintiff. She is not required to exclude every possible cause for her injuries other than that of negligence; she is only required to show a greater likelihood that her injury was caused by the defendant's negligence than by some other cause. See *Rocha* v. *Alber,* 302 Mass. 155, 157–158; *Sargent* v. *Massachusetts Acc. Co.* 307 Mass. 246, 250–251. See also *Zentz* v. *Coca Cola Bottling Co. of Fresno,* 39 Cal. 2d 436.

---

[1] *Jesionowski* v. *Boston & Maine R.R.* 329 U. S. 452, 457.

The question presented is not one of first impression in this Commonwealth. In *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456, the plaintiff purchased a bottle of coca cola from a coin operated vending machine owned by the defendant. The bottle broke in her hand a short distance from the machine. There was evidence that she had exercised due care in removing the bottle from the machine and in handling it in the brief period prior to the accident. This court held that the denial of the defendant's motion for a directed verdict was error because there "was no evidence to show that the breaking of the bottle was due to any negligence of the defendant at its bottling plant or elsewhere, nor to warrant a finding that any defect in the bottle that the jury might have found caused it to break should have been discovered by the defendant by reasonable inspection." 322 Mass. 456, 458–459.

Recovery was also denied in *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514, where the plaintiff, a patron in a delicatessen store, was injured by the explosion of a chilled bottle of coca cola as he removed it from the ice chest. However, that case is distinguishable from the case at bar by reason of the plaintiff's failure to exclude the possibility of damage to the bottle through negligent handling after it had passed from the control of the defendant.[1]

Both the *Howard* and the *Ruffin* opinions relied in part on *Burnham* v. *Lincoln*, 225 Mass. 408, where recovery was denied a plaintiff who was injured by the explosion of a carboy containing spring water. That case is also distinguishable from the situation presented here, because the carboy contained an uncarbonated beverage. The possibility of an explosion due to excessive carbonation or similar causes was therefore excluded. Compare *Honea* v. *City Dairy, Inc.* 22 Cal. 2d 614, with *Escola* v. *Coca Cola Bottling Co. of Fresno*, 24 Cal. 2d 453, and *Zentz* v. *Coca Cola Bottling Co. of Fresno*, 39 Cal. 2d 436; *Coralnick* v. *Abbotts Dairies, Inc.* 337 Pa. 344, with *Loch* v. *Confair*, 372 Pa. 212.

---

[1] Recovery, however, has been permitted in actions of contract based on breach of warranty. *Poulos* v. *Coca-Cola Bottling Co. of Boston*, 322 Mass. 386. *Mead* v. *Coca Cola Bottling Co.* 329 Mass. 440.

The defendant relies heavily on the *Howard* decision. There is no significant difference between the facts of that case and those here. Thus if that decision is to be followed the defendant is entitled to prevail. However, we think the time has come to reëxamine the *Howard* case. Numerous decisions of other courts and a considerable body of comment and analysis by learned commentators since the time of the *Howard* decision have shed new light on the problem.

In determining whether there is a balance of probabilities in favor of negligence, resort may be had either to expert testimony or to common knowledge. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234. See Harper & James, Torts, § 19.6. Expert evidence as to the possible causes of an explosion of a bottle containing a charged beverage has been often employed. See, e.g., *Escola* v. *Coca Cola Bottling Co. of Fresno*, 24 Cal. 2d 453. No expert testimony, however, was offered by either side in the case at bar. We must therefore rely on common knowledge in assessing the possible causes of an accident of the sort here involved.

Numerous possible causes have been discussed in the cases dealing with exploding bottles, among which are (1) defects in the bottle, (2) defects caused by improper handling of the bottles, and (3) excessive carbonation. There are doubtless other causes. Most of the courts which have considered this problem since the time of the *Howard* decision have permitted the tribunal of fact to draw an inference that the explosion was caused by negligent conduct, leaving it to the defendant to explain why in a given case it was more probable that the explosion was the product of a cause for which the defendant was not responsible. Professor Prosser accurately summarizes the course of decision: ". . . [T]he great majority of the courts now hold that [the explosion of] even a single bottle is enough to permit a finding of negligence."[1] Prosser, Torts (2d ed.) pp. 203–204. In general

[1] In the early cases involving explosions of carbonated beverage containers a majority of the courts denied recovery. See *Stewart* v. *Crystal Coca-Cola Bottling Co.* 50 Ariz. 60; *Slack* v. *Premier-Pabst Corp.* 40 Del. 97; *Stodder* v. *Coca-Cola Bottling Plants, Inc.* 142 Maine, 139; *Wheeler* v. *Laurel Bottling Works*, 111 Miss. 442; *Seven-Up Bottling Co. Inc.* v. *Gretes*, 182 Va. 138. Cf.

we are in accord with this position subject, however, to the qualification presently to be mentioned. To the extent that the case of *Howard* v. *Lowell Coca-Cola Bottling Co*. 322 Mass. 456, is not in accord with views here expressed, we decline to follow it.

To recover in a situation of the sort here involved the plaintiff must prove more than the fact of the explosion. Where, as here, the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers. *Escola* v. *Coca Cola Bottling Co. of Fresno*, 24 Cal. 2d 453. *Zentz* v. *Coca Cola Bottling Co. of Fresno*, 39 Cal. 2d 436. Harper & James, Torts, § 19.7. Prosser, Torts (2d ed.) § 42. Here that requirement was satisfied. The auditor found that the defendant had sole custody of its product up until the time its employee stacked the cases in the rear of the store and that nothing touched the bottles until the plaintiff removed them from the case. Thus the judge could properly find that there was a reason-

---

*Berkens* v. *Denver Coca-Cola Bottling Co*. 109 Colo. 140. Some courts have allowed recovery only where there was evidence of similar explosions of bottles filled by the same bottler within a short period of time. Compare *Loebigs' Guardian* v. *Coca-Cola Bottling Co*. 259 Ky. 124, with *Coca-Cola Bottling Works* v. *Shelton*, 214 Ky. 118; *Styers* v. *Winston Coca-Cola Bottling Co*. 239 N. C. 504, with *Grant* v. *Graham Chero-Cola Bottling Co*. 176 N. C. 256.

However, a rapidly growing number of jurisdictions now allow recovery, if a showing of due care on the part of those other than the defendant who have handled the bottle has been made. *Florence Coca Cola Bottling Co*. v. *Sullivan*, 259 Ala. 56. *Coca-Cola Bottling Co. of Fort Smith* v. *Hicks*, 215 Ark. 803. *Escola* v. *Coca Cola Bottling Co. of Fresno*, 24 Cal. 2d 453. *Zentz* v. *Coca Cola Bottling Co. of Fresno*, 39 Cal. 2d 436. *Canada Dry Ginger Ale Co. Inc.* v. *Jochum*, 43 Atl. 2d 42 (Mun. Ct. App. D. C.). *Groves* v. *Florida Coca-Cola Bottling Co*. 40 So. 2d 128 (Fla.). *Payne* v. *Rome Coca-Cola Bottling Co*. 10 Ga. App. 762. *Bradley* v. *Conway Springs Bottling Co*. 154 Kans. 282. *Ortego* v. *Nehi Bottling Works*, 199 La. 599. *Macres* v. *Coca-Cola Bottling Co. Inc*. 290 Mich. 567. *Pattinson* v. *Coca-Cola Bottling Co. of Port Huron*, 333 Mich. 253. *Johnson* v. *Coca Cola Bottling Co. of Willmar, Inc*. 235 Minn. 471. *Stolle* v. *Anheuser-Busch Inc*. 307 Mo. 520. *MacPherson* v. *Canada Dry Ginger Ale, Inc*. 129 N. J. L. 365. *Bornstein* v. *Metropolitan Bottling Co. Inc*. 26 N. J. 263. *Fick* v. *Pilsener Brewing Co*. 86 N. E. 2d 616 (Ct. of Common Pleas, Ohio). *Lawton Coca-Cola Bottling Co.* v. *Shaughnessy*, 202 Okla. 610. *Loch* v. *Confair*, 372 Pa. 212. *Coca Cola Bottling Works, Inc.* v. *Crow*, 200 Tenn. 161. *Honea* v. *Coca Cola Bottling Co*. 143 Texas, 272. *Joly* v. *Coca-Cola Bottling Co. of Rutland*, 115 Vt. 174. *Zarling* v. *La Salle Coca-Cola Bottling Co*. 2 Wis. 2d 596. See *Goldman & Freiman Bottling Co. Inc.* v. *Sindell*, 140 Md. 488; *Keller* v. *Coca Cola Bottling Co. of Walla Walla, Washington*, 214 Ore. 654.

able probability that all who handled the bottle prior to the injury other than the defendant did nothing that would cause the explosion.

It follows that the judge did not err in allowing the plaintiffs' motion for judgment on the auditor's report.

*Exceptions overruled.*