*Municipal Court of the City of Boston*

No. 2362

**JOAN MERROW, ET AL**

v.

**BEAUTY GARDEN, INC.**

(December 11, 1959 — October 3, 1960)

*Present:* Gillen, J., (Presiding), Lewiton & Glynn, JJ.

Case tried to *Adlow, C. J.*

(This opinion has been abridged.)

*Glynn, J.* This is an action of tort in which the plaintiff Joan Merrow seeks to recover damages from the defendant for negligence of the defendant's agent in the manner of giving a hair treatment, as a result of which she sustained injuries on January 30, 1959. Her husband, the plaintiff Harvey Merrow, seeks to recover consequential damages for medical bills incurred by him as a result of his wife's injuries. The defendant's answer was general denial and contributory negligence on the part of the plaintiff. *There was evidence at the trial* to the following effect:

The plaintiff Joan Merrow was a customer at the defendant's place of business in Boston. She had been there each month for approximately three years prior to the accident, and

was well known to the defendant's operators. The defendant had, as was its custom, over the period of these several months, compiled a card or reference chart so that in the event another operator should be giving the customer a treatment he would know what the prior operator had used by way of solution. On January 30, 1959 she went to the defendant's place of business for the express purpose of having a new growth of hair which had come out dark blonde lightened to a lighter shade of blonde and paid the defendant's agent $5.25 to have this done. On all other occasions except this one, a gold bleach had been used by the defendant, but on this occasion one of its operators, who had never treated the plaintiff before and who had only been working for the defendant for about a month, used another solution — a topaz bleach. The first application of bleach did not produce the desired color. The new hair was not the same color as the older hair. The female plaintiff had never before had a second application of bleach applied at one sitting. At no time did this new operator, Joseph Rice, look at any card kept by the defendant until after the second application had been applied. When he started the second application of bleach the plaintiff complained to him that her scalp was stinging but he continued to apply the bleach.

As a result of this second application of bleach the plaintiff Joan Merrow was injured and received burns of the scalp and head, as

a result of which she had to undergo medical treatments and was incapacitated for several months, had pain and suffering for this period of time, and plaintiff claimed she was left with two bald spots on her head. The defendant operator testified (1) that he knew of his own knowledge that a second application of bleach to the scalp would probably and would likely produce burns, (2) that he advised against it but she requested he go ahead, and (3) that immediately after the conclusion of the treatment he examined her head, and observed no injuries.

The defendant was in complete control of the hair dressing treatment or process rendered to the plaintiff Joan Merrow and she relied on the defendant's skill and judgment.

The plaintiffs assert that the finding of the trial judge is based on the defense of assumption of risk, which was not pleaded, and rely on *Winchester v. Solomon,* 322 Mass. 7, where there was a reliance only on the defense of contributory negligence. The facts involved injury to a plaintiff's intestate who fell on an artificial accumulation of ice which was known to the defendant and who was an employee of the defendant. The walk on which she fell was the only entrance and exit to the defendant's home where she was working. The court made passing reference to the fact that assumption of risk is an affirmative defense to be pleaded as such. It affirmed the lower court's finding for the plaintiff. This

makes the case clearly distinguishable from the case at bar in that here there was testimony that the defendant's employee advised the plaintiff against a second treatment and despite this the plaintiff requested it.

In considering the question of the pleadings in regard to the defense of contributory negligence it is pertinent to consider the findings of the trial judge which were as follows:

> "I find that the plaintiff was advised that a second treatment immediately after the first might have a harmful effect, but that she insisted that it be given her. I do not find that the defendant's agent was negligent in the manner of giving the treatment or that any harmful or dangerous rinses or dyes were used."

These findings are consistent with the defense of contributory negligence. In *Silver v. Cushner,* 300 Mass. 583 a snow and ice case, the defendant did not plead assumption of risk, but only pleaded contributory negligence. The plaintiff knew of the icy condition and despite that knowledge walked on the area, fell, and was injured. The court said,

> "But since on the evidence this defense and contributory negligence are closely related, if not identical, (see *Hutela v. B & A RR,* 295 Mass. 186, 189, 191) we consider the matter at large on the issue of contributory negligence."

The defendant is entitled to have the facts considered in accordance with its pleadings. It is evident from the findings of the

trial judge that he considered the evidence and made his findings based on the defense of contributory negligence. *Wright v. Carlson,* 312 Mass. 584.

 Since there is no affirmative plea of assumption of risk no discussion of the distinction between *contractual* and *voluntary* assumption of the risk is necessary.

 The plaintiff further raises the issue that the defendant is liable under the theory of *res ipsa loquitur.* There are three prerequisites for proof of negligence under this theory; namely, (1) the type of accident or injury received does not ordinarily happen without the negligence of the defendant; (2) the instrumentality or cause of the accident is in the exclusive control of the defendant; and (3) the injury received was not due to any voluntary act of the plaintiff. *Liberatore v. Framingham,* 315 Mass. 538; *Evangelio v. Metropolitan Bottling Co., Inc.,* 339 Mass. 177; *Jesionowski v. B & M RR,* 329 US 452. In the *Evangelio* case the Supreme Court made the following observations in regard to the theory of *res ipsa loquitur:*

> "In recent years the court has tended to avoid the use of the Latin phrase even while applying the principle included within it by the common understanding. This has been done to avoid the confusion and 'mass of verbiage' building around the expression."

This language follows the discussion of the matter in the *Jesionowski* case, supra. In plain

language it means that negligence can be inferred when the accident is such that it would not have ordinarily occurred in the absence of such negligence.

But the fact that the negligence of the defendant is inferred, in itself is not sufficient to establish legal liability. The same general principles of due care and contributory negligence must be applied. It is clear in the case at bar that the findings of the trial judge were warranted — by the insistence of the plaintiff for a second treatment after receiving the advice of the defendant's agent to the contrary.

In discussing the plaintiff's requests for rulings, Request No. 1 was properly denied inasmuch as it "required" a finding of negligence. Such a finding may have been warranted but not required. The trial judge in effect granted so much of the request that dealt with the duty of using due care. The report stated that there was no evidence that any of the dyes and rinses in and of themselves were dangerous or harmful. In view of the absence of evidence to this effect, the ruling of the trial judge on this request was proper. Request No. 3 was properly denied in view of the state of the law as discussed above regarding the theory of *res ipsa loquitur*. The ruling of the trial judge on requests Nos. 4, 6, and 7 was proper. The evidence may have "warranted" such a finding but it did not "require" such a finding. The ruling on Request No. 8 was proper in view of the

findings of fact made by the trial judge in the case at bar.

█ It is also noted in the plaintiff's brief that the plaintiff should recover on count No. 1 which is an action based on contract. The writ of the plaintiff is only for tort and therefore no discussion of this contention is necessary. Moreover, in the light of the trial judge's findings, no breach of contract is shown.

*Report dismissed.*

John J. St. Andre of Framingham, for the Plaintiffs.

Louis L. Bobrick of Cambridge, for the Defendant.