JOSEPH RAFFERTY *vs.* THE HULL BREWING COMPANY (and a companion case[1]).

Suffolk.    December 6, 1965. — March 7, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Negligence,* Bottle, Res ipsa loquitur. *Evidence,* Interrogatories.

At the trial together of two actions by the same plaintiff against different defendants for injuries sustained when a bottle of ale which the plaintiff was handling exploded, answers of one defendant to interrogatories

---

[1] The companion case is by the same plaintiff against The Handy Beer and Wine Company.

Rafferty *v.* Hull Brewing Co.

propounded by the plaintiff were inadmissible against the other defendant.   [362]

Evidence merely that a distributor of ale received cases thereof from the bottler of the ale and delivered the cases to a store, stacking them "under the shelves" on a wall in an area where customers were not allowed, that approximately four days later a clerk in the store was injured when a bottle which he had taken out of a case to put into a refrigerator exploded without observable cause while he was handling it, and that the bottle was not struck by anything from the time of delivery at the store until the time of the accident did not warrant an inference of negligence on the part of the distributor under the doctrine of res ipsa loquitur. [362]

At the trial of an action against a bottler of ale for injuries received by the plaintiff, a clerk in a store, when a bottle of the ale which the plaintiff had taken out of a case exploded without observable cause while he was handling it, where there was evidence that a distributor had delivered cases of the ale to the store about four days before the accident and had stacked them "under the shelves" on a wall in an area in which customers were not allowed, and that the bottle was not struck by anything from the time of delivery to the store until the time of the accident, failure of the plaintiff to present any admissible evidence of due care on the part of the distributor in handling the ale precluded application of the doctrine of res ipsa loquitur against the defendant.   [363]

Two ACTIONS OF TORT.   Writs in the Superior Court dated January 12, 1959, and January 15, 1959, respectively.

The actions were tried before *Tomasello,* J.

*James D. Casey* for The Hull Brewing Company.

*Joseph J. Walsh* for The Handy Beer and Wine Company.

*Joseph J. Hurley* for the plaintiff.

SPALDING, J.   The plaintiff was working as a clerk in a small variety store in Roxbury on March 30, 1957, when a bottle of Old India ale which he was handling exploded, causing injury to his left eye.   As a result of that injury, these actions in tort were brought against The Hull Brewing Company (Hull), bottler of the ale, and against The Handy Beer and Wine Company (Handy), distributor of the ale to the plaintiff's employer.   In each of the declarations, the plaintiff alleged negligence in failure to inspect the bottles for defects, and general negligence.   The cases were tried together and a jury returned verdicts for the plaintiff against both defendants.   The defendants ex-

cepted to the denial of their motions for directed verdicts, to various rulings on evidence, and to portions of the charge.

We summarize the pertinent evidence as follows: The plaintiff worked part time during 1957 for the E & F Food Store, Inc., usually two evenings on weekends. The store was operated by Frank Fialcow and his wife, and sold beer and wine in addition to numerous other items. On the weekend of the accident, the plaintiff worked from 7 to 10:30 p.m. on Friday, and came to work the next night, March 30, at 6:30 p.m. "He noticed that the Old India pale ale in the beer refrigerator had to be replaced." About fourteen bottles of Old India were usually kept in the refrigerator. The rest were stored in the heavy fiber boxes in which they had been delivered, and which were stacked "in a corner under shelves . . . located on the Delle Avenue side of the store." These boxes were in close proximity to the refrigerator. The plaintiff took two bottles out of a case, placed one in the refrigerator, "[a]nd . . . passed the bottle in . . . [his] right hand to . . . [his] left hand and there was an explosion." He did not, in transferring the bottle, strike it against any object.

There was evidence to support the inference that the bottle which exploded was taken from one of the ten cases delivered to the store by Handy on March 26, 1957. Both Fialcow and his wife were present when this delivery was made, and Mrs. Fialcow testified that she watched Handy's employees bring the ten cases into the store and stack them "under the shelves on the Delle Avenue wall." Customers were not permitted in the area where the cases of Old India were stored, and there was testimony that none of the bottles was struck from the time they were placed under the shelves by Handy's employees until the time of the accident, and that with the exception of those which were transferred from the cases to the refrigerator, none was moved. The plaintiff testified that while "it was not unusual for ·. . . [one] to kick a case of beer under the shelves with . . . [one's] toe," in reaching for customer items

placed high on the shelves, he did not believe he had done so while working the night before the accident.

Answers to interrogatories propounded to the defendants were introduced in evidence. The defendant Handy stated that due care was used in handling the bottles; the defendant Hull stated that the bottles were duly inspected. Each statement rightly was limited to the defendant which made it. *Bean* v. *Security Fur Storage Warehouse, Inc.* 344 Mass. 674, 675.

Inasmuch as there was no evidence of the specific cause of the bottle's explosion, the cases were properly submitted to the jury only if an inference was permissible from the explosion itself that it would not have happened unless in some respect each defendant was negligent. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. This principle is often referred to as the doctrine of res ipsa loquitur. See *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 181-182.

The case against Handy raises the question whether this principle, however denominated, is applicable against a party which exercised control over the bottle only during some period after the bottling process had been completed. We are of opinion that the doctrine cannot be so applied. The inference of negligence which is permissible in cases where a bottle containing a charged beverage[2] explodes without observable cause is based upon the likelihood that some defect or error occurred in the bottling process. See *Gardner* v. *Coca Cola Bottling Co. of Minnesota, Inc.* 267 Minn. 505, 516; *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 182. Though there is some possibility that a bottle might be damaged or weakened in some manner through mishandling by a distributor or other middleman, this is not enough to support an inference of negligence against such party. See *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413.

---

[2] While no evidence of the carbonated nature of the ale was introduced, this type of beverage has generally been treated by the courts as a carbonated drink. See *Stolle* v. *Anheuser-Busch Inc.* 307 Mo. 520, and *Fick* v. *Pilsener Brewing Co.* 86 N. E. 2d 616 (Ct. of Common Pleas, Ohio).

Rafferty *v.* Hull Brewing Co.

The case against Hull is governed by the principles set forth in *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177. We held there that the doctrine discussed above was applicable against the company which both manufactured and distributed the carbonated beverage involved, one bottle of which had exploded injuring the plaintiff. The present case differs in two respects: The Old India ale was distributed by a separate party; and it was in the possession of the retailer for a considerably longer period.[3] We see no reason, however, why either of these factors should affect the principles there stated. Indeed, our formulation of the rule in the *Evangelio* case expressly provides for such circumstances. "Where, as here, the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers." 339 Mass. 177, 183.

The plaintiff has not, however, sustained his burden of proof in this regard. The rule of the *Evangelio* case requires that he submit some evidence of due care in handling on the part of both the store and the distributor, Handy. The only evidence introduced as to the distributor's due care was the statement to that effect in Handy's answer to the interrogatory, which was inadmissable against the defendant Hull.

In each case, the entry must be

*Exceptions sustained.*

---

[3] In the *Evangelio* case, the explosion occurred fifteen minutes after delivery of the beverage by the defendant. Here, it occurred approximately four days after delivery by Handy. There was no evidence as to when Handy received the ale from Hull.