JOSEPH MANFREDI *vs.* JAMES C. FETTES, INC. & another. May 2, 1967. The plaintiff purchased a small bottle of Canada Dry ginger ale from the defendant James C. Fettes, Inc., which operated a package store. There was evidence which would have warranted the jury in finding that the defendant Canada Dry Bottling Company of Springfield had bottled the beverage and delivered it to the defendant package store for sale. Four or five minutes after the plaintiff left the package store, and while in a truck which had given him a smooth ride to a parking lot, the bottle exploded, seriously injuring the plaintiff's left eye. Of the five counts contained in the plaintiff's declaration, one was in contract for breach of warranty against the defendant package store and another was in tort for negligence against the defendant bottling company. The defendants except to the denial of their motions for a directed verdict on the count pertaining to each. There was no error. With respect to the defendant package store, adequate notice under G. L. c. 106, § 2–607 (3) (a), was given. We see no variance in that the declaration alleged that the bottle contained soda while the notice referred both to ginger ale and soda. The plaintiff ultimately testified that ginger ale was what he purchased. As the plaintiff correctly contends, ginger ale is carbonated and is a soda. There was evidence of due care in the handling by the retailer of the bottle and by the plaintiff after his purchase. *Evangelio* v. *Metropolitan*

*Bottling Co. Inc.* 339 Mass. 177, 183, and cases cited. Cf. *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 363. The instruction by the trial judge on phases of the law of negligence was as favorable to the defendant bottling company as was required, if not more so. See *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 362–363.

*Exceptions overruled.*

*Mayo A. Darling* for James C. Fettes, Inc.
*Andrew G. Meyer* for Canada Dry Bottling Company of Springfield.
*Louis Kerlinsky* for the plaintiff.