*Southern District*

## LEO BOSWELL

v.

## COCA-COLA BOTTLING COMPANY OF FALL RIVER

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Horrocks, J.* in the Third District Court of Bristol   No. 5124

*Cox, J.* This action for damages is in two counts. Count 1 is for breach of warranty.

Count 2 is for negligence. There was a finding for the plaintiff on each count in the sum of $750.00.

The case was reported because the defendant claims to be aggrieved by the denial of two of its requested rulings and by the allowance of seven of the plaintiff's eight requested rulings.

*There was evidence to support the following findings.* An automatic vending machine located at fire station 2 in the City of New Bedford was owned by the Fireman's Association, of which the plaintiff was a paying member. The association and the defendant have an agreement by which the defendant obligated itself to repair without charge any defective condition which developed in the vending machine, provided the association dispensed only the beverages prepared and bottled by the defendant. The defendant has repaired the machine whenever requested to do so.

The bottled beverages are delivered by the defendant to the fire station once each week in three or four wooden cases, each case containing twenty-four bottles of soda. The cases are ordered and paid for by the association. Its members stack the bottles in the vending machine. The association receives the money inserted in the machine by those who purchase the bottles of soda.

On October 14, 1964 the plaintiff, a fireman on duty at station 2, went to the recreation room on the second floor to the vending ma-

chine referred to, on the side of which the words Coca-Cola were printed. He inserted a dime in the machine, upon which a glass door opened exposing eight shelves containing eight different kinds of bottled soda beverages all of which were bottled and delivered to the premises by the defendant. The plaintiff removed a bottle of "Fanta" which was clamped to a shelf, by taking hold of its neck. After removing the bottle from the machine, the plaintiff inserted the capped neck of the bottle in a cap remover on the side of the machine and thus removed the cap from the bottle. The plaintiff repaired to the third floor with the uncapped bottle of "Fanta". He had made no examination of the opening of the bottle after he removed the cap. Immediately upon taking one swallow of the contents of the bottle he became gagged and felt a choking sensation. It is unnecessary to narrate the details of his injury. Suffice it to say that he was found to have been injured and that the injury could have been found to have been caused by glass from the damaged top of the bottle. Pieces of glass were observed at the bottom of the bottle. The bottle had a chip out of its top in the area which had been completely covered by its cap. It was exhibited to us.

The defendant had prepared the bottle of "Fanta" at its plant. Before the bottles receive their contents they pass upside down through a washing system by which water is

sprayed into them with brushes inserted. Thereafter they are visually inspected and then passed through an electric eye inspection by a machine which is supposed to reject imperfect bottles automatically. The bottles then pass through machines which fill them with the beverages. A bottle which is rejected by the electric eye is again visually inspected and if no imperfection is observed it is subjected to the electric eye inspection a second time. If it passes this second inspection it goes on to receive its contents.

After the bottles are filled they are carried on a conveyor belt where caps or crowns are applied to each bottle by means of a crowning head which mechanically places and holds in place the crown on the top of the bottle. A spring loaded pressure foot (about 125-150 pound spring) holds the crown against the top of the bottle as a spring loaded throat (700-750 pound spring) squeezes the crown around the top of the bottle to create a perfect seal.

There being no evidence of a specific negligent act or omission as a cause of the plaintiff's injuries, the question is whether negligence of the defendant may be inferred from the fact that the bottle top was chipped in the area entirely covered by the crown which the defendant had affixed under pressure. In the light of the reasoning in the case of *Evangelio* v. *Metropolitan Bottling Co. Inc.*, 339 Mass. 177,

which follows a modern course of decision by the courts, it would seem that an inference of negligence may be drawn from the defect of a single bottle, leaving it to the defendant to explain a cause for which it was not responsible. In the *Evangelio* case the court rejected the former rule expressed in *Howard* v. *Lowell Coca-Cola Bottling Co.*, 322 Mass. 456 wherein it was held that it was error to deny the defendant's motion for a directed verdict because there "was no evidence to show that the breaking of the bottle was due to any negligence of the defendant at its bottling plant or elsewhere, nor to warrant a finding that any defect in the bottle that the jury might have found caused it to break should have been discovered by the defendant by reasonable inspection." The rule of negligence by inference, also referred to as the doctrine of *res ipsa loquitur,* "merely permits the tribunal of fact, if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent. It does no more than recognize that negligence and causation, like other facts, may be established by circumstantial evidence." The burden of proof in this connection rests on the plaintiff who is not required to exclude every possible cause for his injuries other than negligence, but "is only required to show a greater likelihood that (his) injury was caused by the defendant's negligence than by some other

cause.'' *Evangelio* v. *Metropolitan Bottling Co. Inc.*, 339 Mass. 177, 180.

At this point it might be well to observe that while recovery was permitted in the *Evangelio* case which involved a carbonated beverage, the rule of negligence by inference was not extended to a milk bottle which was shattered and injured the plaintiff as he was placing it on a table. *Hadley* v. *Hillcrest Dairy, Inc.*, 341 Mass. 624, decided since *Evangelio*. The court in commenting upon the *Evangelio* case points out (p. 630) the distinction which it makes between carbonated and uncarbonated beverages with respect to the application of the doctrine of *res ipsa loquitur*. The case at bar, in our judgment, is like the *Evangelio* case in an important particular. Here great pressures were applied to the bottles in the crowning or capping process and in principle we are unable to say why an inference of negligence is not to be as readily drawn against *excessive* pressures on glass bottles in the bottling process as in the case of an exploding bottle of carbonated beverage where an inference is permissible that the bottle exploded because of *excessive* carbonation. ''The propensity of glass to break under pressure is common knowledge.'' *Vincent* v. *Nicholas Tsiknas Co. Inc.*, 337 Mass. 726, 729.

Although the plaintiff's burden has been materially lightened by the *Evangelio* case it has not been entirely removed. ''Where, as here,

the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers." *Evangelio* v. *Metropolitan Bottling Co. Inc.*, 339 Mass. 177, 183-189 and cases cited. *Rafferty* v. *Hull Brewing Co.*, 350 Mass. 359, 363. We are keenly aware of this rule and of its importance to a decision of this case. But it seems to us that the plaintiff's burden may be sustained on this point, as on any other, by reasonable inferences and by circumstantial evidence. We think circumstantial evidence and reasonable inference are particularly applicable to the circumstances of this case. It could reasonably have been found to have been entirely likely that the specific defect in the bottle was present when it was delivered to the fire station, and that being so, that intermediate handling by the plaintiff himself or others was not improper. The defect in this bottle was the top which was completely covered by the crown. It could have been found to have been caused by the high pressures to which the bottle was subjected in the bottling process. We think that the circumstances warranted the justice's special finding that the bottle was handled in the manner to be expected by the defendant and that the bottle was defective. In short, the circumstances and reasonable inferences warrant the

conclusion that the plaintiff may be found to have maintained his burden. Whether the bottle had been handled carefully after the defendant had surrendered control of it was a question of fact. *Poulos* v. *Coca-Cola Bottling Co. of Boston,* 322 Mass. 386, 391. In our opinion a finding for the plaintiff is warranted under count 2 for negligence. *Carter* v. *Yardley,* 319 Mass. 92, 96 et seq.

It becomes unnecessary to consider whether a finding was warranted under count 1 for breach of warranty. See U.C.C. Sales, c. 106, §§ 2-314; 2-315; 2-316. As to provision for notice of breach of warranty see G. L., c. 106, § 2-607. On the question of privity of contract, see *Sullivan* v. *H. P. Hood & Sons, Inc.,* 341 Mass. 216, 223 and G. L., c. 106, § 2-318 which extends warranties to persons who are in the family or household of the buyer or to one who is a guest in his home.

The eight rulings which the plaintiff requested appear in the margin. There was no prejudicial error in the allowance of numbers 1, 3, 4, 5, 6, 7, 8. Those which related to count 1 have become inconsequential. The others were right.

The four rulings which the defendant requested also appear in the margin. Numbers 1 and 2 which were denied relate to breach of warranty and have also become inconsequential.

A question remains which must be dealt with. The justice denied the plaintiff's request num-

ber 2 that a finding on the count for negligence (count 2) was warranted. He allowed the defendant's requests numbers 3 and 4 that the evidence did not warrant a finding for the plaintiff on the count for negligence and the duty incumbent on the plaintiff to show no intermediate mishandling. Notwithstanding those rulings, the justice nevertheless found for the plaintiff on both counts. The inconsistency between the rulings that there could be no recovery on the count for negligence and the finding for the plaintiff on each count is obvious. However, it was incumbent upon the defendant to remedy the inconsistency either by a motion to correct the inconsistency or by a motion for a new trial. *Biggs* v. *Densmore*, 323 Mass. 106, 108-109. *E. A. Strout Realty Agency, Inc.* v. *Gargan*, 328 Mass. 524, 528.

No prejudicial error of law appearing an order should be entered dismissing the report.

EDWARD J. HARRINGTON, JR., of New Bedford, for the Plaintiff

W. J. FENTON, of Taunton, for the Defendant

*Plaintiff's Request for Rulings:*

1. On all the evidence a finding for the plaintiff on Count One is warranted.

2. On all the evidence a finding for the plaintiff on Count Two is warranted.

3. The evidence was sufficient to warrant a finding that the bottle of Fanta beverage was handled by the plaintiff in a manner to be expected by the seller of the beverage and that the bottle was defective.

4. The evidence was sufficient to warrant a finding

that the bottle at the time of delivery was not merchantable.

5. The evidence was sufficient to warrant a sale by mechanical means of goods by a trade name generally known as a name describing a particular beverage.

6. The implied warranty of merchantability applied to the bottle as well as the beverage.

7. One who packs or processes food or beverages for human consumption is held to a high degree of care because of the serious consequences to human life likely to follow his negligence.

8. The small particles of glass coming from within the top of the bottle and mixing in the beverage raises a reasonable inference of negligence on the part of the defendant.

### Defendant's Request for Rulings:

1. Upon all the evidence the Court should find for the defendant on Count #1 because the evidence does not warrant a finding that the defendant located and maintained within Fire Station Number Two an automatic vending machine for the dispensing of beverage known as "Fanta".

2. Upon all the evidence the Court should find for the defendant on Count #1 because the evidence does not warrant a finding that the plaintiff sustained personal injuries as a result of a violation on the part of the defendant of an implied warranty and representation made to the plaintiff that the bottles containing "Fanta" were fit for use.

3. Upon all the evidence the Court should find for the defendant on Count #2 because the evidence does not warrant a finding that the plaintiff sustained personal injuries as a result of any careless and negligent and disregard of its duty that it owed to the plaintiff.

4. Where an injury occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers.