*Northern District*
No. 7601

**JUDITH KIRK**

v.

**BOSTON GARDEN ARENA, INC.**

Argued: Sept. 16, 1971 - Decided: Nov. 10, 1971

*Present:* Parker, P.J.; Durkin, Mason, JJ.
Case tried to Artesani, J. in the Third District
Court of Eastern Middlesex No. 1846.

**Mason, J.** *This is an action of tort* for personal
injuries alleged to have been sustained while
the plaintiff was a spectator at a hockey game.

The answer is a general denial, contributory negligence and assumption of the risk.

At the trial it was stipulated that the plaintiff was a paying customer and that the defendant was in control of the premises where the plaintiff was injured.

There was evidence introduced at the trial that the plaintiff was a spectator at a Bruins Hockey Game on the defendant's premises; that she was seated in the front row behind the glass which was installed around the Hockey rink; that the players collided against the boards and the glass where the plaintiff was seated; that the glass was caused to be broken and it shattered, causing her injuries which incapacitated her and caused her to incur medical treatment; and that the glass partition which shattered was loose prior to the impact.

The defendant is aggrieved by the court's denial of the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff, contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries **and damage.**

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

The court made the following finding:

"The court finds that the negligent maintenance of the so-called glass partition by the agents or servants of the defendant, was the cause of the glass breaking which injured the plaintiff; that the plaintiff was at all times in the exercise of due care. The court finds for the plaintiff in the amount of $750.00"

The question presented is whether the evidence was sufficient to allow the trial judge to determine that the defendant was negligent.

**There was evidence that** the premises were under the control of the defendant and that the glass was loose; the players collided against the glass; the glass shattered and the plaintiff was injured.

The defendant owes a duty to its patrons to use due care to see that the premises are reasonably safe for the intended use or to warn them of dangers that are not obvious. *Alden* v. *Norwood Arena, Inc.*, 332 Mass. 267.

The plaintiff was justified in believing that the seat she occupied was reasonably safe. She had a right to rely on the protective glass and that it was reasonably safe for its intended use. In the instant case there is no evidence of any warning to the patrons. The defendant could

have been found to be negligent in this respect. There was no assumption of risk.

The plaintiff is not required to exclude every possible cause for her injuries other than that of negligence; she is only required to show a greater likelihood that her injury was caused by the defendant's negligence than by some other cause. *Knox* v. *Lamoureaux,* 338 Mass. 167. *Evangelio* v. *Metropolitan Bottling Co.,* 339 Mass. 177, 180.

In determining whether there is a balance of probability in favor of negligence, resort may be had either to expert testimony or common knowledge. No expert testimony was used by either side in the case at bar. It is common knowledge that protective glass at a hockey game is designed for the safety of the patrons. The premises and maintenance thereof were at all times under the control of the defendant. *Evangelio* v. *Metropolitan Bottling Co., Inc.,* 339 Mass. 179, 182.

The trial judge was warranted in finding that the shattering of the glass was due to negligent maintenance and that its unsafe condition was more likely attributable to negligence on the part of the defendant that from some other cause. **Report dismissed.**

RONALD J. CHISHOLM
   for the Plaintiff.

CARROLL E. AYERS
   for the Defendant.