*Municipal Court of the City of Boston*

No. T-22298

### RICHARD F. LEVIN

*v.*

### CLIQUOT CLUB COMPANY

Argued: April 7, 1972 - Decided: April 25, 1972

*Present:* Adlow, C.J., Gillen, J., Hoag, Spec. J.

Case tried to *Glynn, J.*

**Adlow, C.J.** In this action of tort the plaintiff seeks to recover for personal injuries caused by the explosion of a bottle containing carbonated ginger ale.

*There was evidence that* on May 9, 1967 the plaintiff was an employee of Stop and Shop Inc. at its store on Elm Street in Cambridge. The defendant manufactured and bottled the ginger ale in question. It was put up in one quart bottles, which were packed in cartons containing twelve such bottles. When so packed, fillers separated the bottles from one another. Packed in these cartons the ginger ale was shipped by the defendant to the warehouse of Stop and Shop Inc. in Readville, Massachusetts, where it was stored until requisitioned by the branch stores of said company. When the branch stores called for supplies for their shelves, the cartons would be moved by trailer trucks operated by independent carriers to the branch store which had requested it. The handling of these cartons containing ginger ale, from the time they left the defendant's control until they reached the branch store in Cambridge, was by

pallets on which the cartons were piled and thereupon conveyed by fork lift into and out of the warehouse, and in similar fashion into and out of the independently operated tractor trailer which carried the cartons from the warehouse to the branch store in Cambridge.

On the day in question the plaintiff was stocking the shelves of the store where he was employed with bottles which he was removing from recently delivered cartons of ginger ale. He testified that, before he opened the carton from which he extracted the bottle in question, he examined the carton and found it free of marks indicating damage. As he picked one bottle from the carton it exploded in his hand, cutting his wrist and causing him to require medical treatment and to lose time from work.

· At the close of the evidence, the court refused to rule, at the defendant's request, that the evidence did not warrant a finding of negligence. The court also found as a fact that there was no improper handling of the bottle by any intermediate parties from the time the bottle was delivered by the defendant. There was a finding for the plaintiff.

There was no error.

Prior to the case of *Evangelio* v. *Metropolitan Bottling Co., Inc.*, 339 Mass. 177, the courts in this Commonwealth predicated liability in cases of "exploding bottles" to situations where the plaintiff provided evidence which warranted a finding that the mishap was due to the neg-

ligence of the defendant. *Burnham* v. *Lincoln*, 225 Mass. 408. *Ruffin* v. *Coca Cola Bottling Co.*, 311 Mass. 514. *Howard* v. *Lowell Coca Cola Bottling Co.*, 322 Mass. 456.

In the *Evangelio* case this rule was expressly abandoned. The facts in that case were very similar to those in issue in this report. It is unfortunate that the rule pronounced in the *Evangelio* case has been obscured by the court's insistence that its conclusions are predicated on direct evidence of negligence rather than on inferences permitted by the fact of the explosion. Obviously the court in the *Evangelio* case refused to adopt the insurer or absolute liability theory and preferred to adhere to traditional concepts of fault based on negligence. Whatever the reasoning, the result is in line with the large majority of jurisdictions in the United States in which negligence is predicated on the principle of res ipsa loquitur. *Lock* v. *Confair*, 372 Pa. 212. *Escola* v. *Coca Cola Bottling Co.*, 24 Cal. 2d 453, 461.

In the *Escola* case, Justice Trayner stated that "even if there is no negligence, public policy demands that responsibility be fixed whenever it will most effectively reduce the hazards to life and health inherent in defective products that reach the market." While this rule of public policy has not been adopted, resort to the res ipsa loquitur rule has produced a similar result.

In New York the principle of *res ipsa loqui-*

*tur,* as laid down in *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382, had been applied to the case of the exploding bottle in *Mueller* v. *Leichner,* 6 N.Y. 2d, 903. Everything considered, while the reasons may differ in the various jurisdictions, the results are the same.

We must not lose sight of the fact that the court in the *Evangelio* case insisted that the mere fact of an explosion did not suffice to establish liability. It stated that "Where the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality has not been improperly handled by himself or intermediate handlers." That the court has not viewed these words lightly is revealed by the subsequent decisions in which recovery was denied because the plaintiff had failed to show that the instrumentality had not been improperly handled after it left the defendant's control. *Selissen* v. *Empire Bottling Co.,* 343 Mass. 779. *Rafferty* v. *Hull Brewing Co.,* 350 Mass. 359, 363. *Corlett* v. *Hi Lo Corp.,* 350 Mass. 769. On the other hand, where a jug handle on a milk container broke and injured the plaintiff, the court allowed recovery on proof by the plaintiff that the jug was not mishandled after delivery to him. *Hadley* v. *Hillcrest Dairy Inc.,* 341 Mass. 624.

In the cause under review the plaintiff has met the prescribed test by stating that the carton from which he extracted the bottle had no

marks upon it which might warrant an inference of damage. We must admit that this is a weak bit of evidence. But the court found the absence of such markings on a carton sufficiently impressive to find that the plaintiff had sustained his burden in *Jankelle* v. *Bishop Industries Inc.*, 354 Mass. 491 at 493. The evidence in this cause warranted the court's rulings and findings. **Report dismissed.**

JARED H. ADAMS
   for the Plaintiff.
FRANCIS J. BOUSQUET
   for the Defendant.