LEO COYNE *vs.* JOHN S. TILLEY CO., INC.
(and a companion case[1]).

Suffolk. November 21, 1973. — November 5, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Negligence,* Manufacturer, Ladder. *Evidence,* Presumptions and burden of proof.

In an action of tort in which the plaintiff sought recovery for personal injuries he received when the leg of a stepladder collapsed while he was using it, evidence which tended to show that the stepladder appeared free from defects when the plaintiff was given it for use in his duties as a cleaner, but which failed to show that he did not cause the collapse, was insufficient to warrant a finding of negligence on the part of either the manufacturer [644-646] or the wholesaler of the stepladder [646-647].

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated December 4, 1969, and May 12, 1970, respectively.

The actions were heard by *Elam, J.*

*Walter G. Murphy* for the plaintiff.
*James B. Dolan, Jr.,* for John S. Tilley Co., Inc.
*John W. McCann* for Lynn Ladder Co., Inc.

---

[1] Leo Coyne *vs.* Lynn Ladder Co., Inc.

KEVILLE, J.   These are two actions of tort in which the
plaintiff seeks to recover for personal injuries received in
a fall from an aluminum stepladder caused by the
collapse of one of its legs.   The cases, one against the
manufacturer[2] and the other against the wholesaler,[3]
were consolidated and tried in the Municipal Court of
the City of Boston.   At the close of the trial the judge
denied a request by the plaintiff for a ruling that, in the
action against Lynn, "[t]he evidence warrants a finding
for the plaintiff" and a request by Tilley for a ruling that
"[t]he evidence does not warrant a finding that . . .
[Tilley], its agents, or servants was negligent."[4]   The
judge found for the plaintiff in the action against Tilley
but for Lynn in the other action.   The plaintiff and
Tilley, alleging to be aggrieved by the denial of their
requests for rulings by the judge, claimed reports to the
Appellate Division (G. L. c. 231, § 108).   These reports
were consolidated into a single report which recited that
it contained "all the evidence material to the questions
reported."   The Appellate Division, without considering
specifically whether any of the requests for rulings by the
plaintiff and Tilley should have been granted, vacated
the judge's finding for the plaintiff against Tilley and
directed that findings be entered for the defendant in
each case.   We treat the Appellate Division's order that a
finding be entered for Lynn as a dismissal of the report in
the plaintiff's action against Lynn.   The plaintiff took
appeals in both cases to the Supreme Judicial Court
under G. L. c. 231, § 109, as amended through St. 1931,

---

[2] John S. Tilley Co., Inc. (Tilley).

[3] Lynn Ladder Co., Inc. (Lynn).

[4] These are the plaintiff's request for ruling numbered 1 and Tilley's
request for ruling also numbered 1.   In view of the conclusions we
reach in this opinion we need not consider the judge's denial of the
plaintiff's requests numbered 2, 3, 5, and 6 or of Tilley's requests
numbered 2 through 4.   The plaintiff's request numbered 4, having
been allowed, is not in issue.

c. 426, § 117.[5]   The cases were transferred to this court pursuant to the provisions of G. L. c. 211A, § 12.

The evidence in its aspect most favorable to the plaintiff may be stated as follows: At undisclosed times Tilley manufactured and sold to Lynn an aluminum stepladder. On March 26, 1969, Lynn sold the stepladder to Warren Electric & Hardware and Supply Co. (Warren) which promptly sold it to York Realty (York), the plaintiff's employer.   There was evidence that the president of Lynn examined the stepladder before shipment to Warren and found it to be in good condition without defects. On the date of the accident, May 12, 1969, the plaintiff was given the stepladder for use in his duties as a night cleaner for York.   The stepladder appeared new and free from defects, its legs straight, and its surface "shiny and free from dirt or paint."

The only evidence of the circumstances of the plaintiff's fall mentioned in the report is that "the plaintiff . . . was engaged in washing the door and overhead transom at 262 Washington Street, Boston, and while on the ladder for a minute or so, the leg [sic] of the ladder collapsed inward at a 45° angle, throwing him to the floor and causing him injury."   Two photographs which were made a part of the report confirm the new appearance of the ladder and disclose that its left front leg was bent inward at a point approximately halfway between the lowest rung and the base.   After the accident the ladder was returned by York to Warren to Lynn to Tilley, each purchaser in turn receiving a credit for the ladder.

The plaintiff has offered no evidence of a specific negligent act or omission by either defendant as the cause

---

[5] Such an appeal "brings before us the rulings of law reported by the judge to the Appellate Division and questions of law touching the action of the Appellate Division." *James J. Derba, Inc.* v. *Hamilton Serv. Inc.* 355 Mass. 127, 130 (1969).   See also *Butler* v. *Cromartie*, 339 Mass. 4, 5-6 (1959); *Huikari* v. *Eastman*, 362 Mass. 867 (1972).

of his injuries[6]. To recover in either action, therefore, he must depend upon the doctrine formerly denominated res ipsa loquitur. *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 362 (1966). *Gelinas* v. *New England Power Co.* 359 Mass. 119, 123 (1971). This doctrine "permits the tribunal of fact, if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent." *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 180 (1959). However, the plaintiff must sustain the burden of proving (1) that the accident which caused his injury is the kind of occurrence which usually does not happen in the absence of negligence by the defendant and (2) that "the instrumentality had not been improperly handled by himself or by intermediate handlers." *Evangelio* v. *Metropolitan Bottling Co. Inc.*, *supra,* at 183.

### The Action Against Tilley.

1. Ordinarily, it would seem that the leg of an apparently new and little used aluminum stepladder would not bend and collapse without negligence on the part of the manufacturer or someone who handled the ladder after he surrendered control of it. All the more likely causes of the collapse of the stepladder which come to mind involve negligence. Tilley may have negligently designed the ladder so that the leg was not strong enough to hold the weight Tilley could reasonably have expected would be put upon it, or the ladder may have been constructed of defective materials. Persons who handled the ladder following its manufacture and prior to the plaintiff's use of it may have done something to weaken the ladder leg, or the plaintiff may have placed too great a strain on the leg either by putting too much weight on the ladder or by setting it upon an uneven surface or otherwise.

---

[6] There is no direct evidence of what caused the ladder to collapse.

The absence of expert testimony as to the possible causes of the collapse of an aluminum ladder leg is not decisive against the plaintiff where, as here, common knowledge can be relied upon to conclude that the ladder leg would not have collapsed without negligence. *Poulin v. H. A. Tobey Lumber Corp.* 337 Mass. 146, 148-149 (1958). *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 182 (1959). An aluminum stepladder is an uncomplicated device, the parts of which are not likely to work themselves loose or into improper positions. This would be particularly true of a ladder such as this one which apparently had received little use. Contrast *Carney* v. *Bereault*, 348 Mass. 502, 506-507 (1965); *Kenney* v. *Sears, Roebuck & Co.* 355 Mass. 604, 607-608 (1969). Nor is it made of a material normally expected to deteriorate from natural causes without someone's being at fault during the approximate time here involved. The plaintiff is not required to exclude every possible cause of the accident. He is only required to show a greater likelihood that his injury was caused by the defendant's negligence rather than by some other cause. *DiRoberto* v. *Lagasse*, 336 Mass. 309, 311-312 (1957). *Evangelio* v. *Metropolitan Bottling Co. Inc., supra,* at 180.

2. The evidence that the stepladder appeared new and free from defects when the plaintiff used it is sufficient to permit the inference that the stepladder had not been damaged by its intermediate handlers (Lynn, Warren, York, their employees and unknown third persons who may have handled the ladder after it left Tilley's possession). See *Jankelle* v. *Bishop Industries, Inc.* 354 Mass. 491, 493-494 (1968); *MacDonald* v. *Najjar*, 362 Mass. 119, 121-122 (1972). Contrast *Kenney* v. *Sears, Roebuck & Co.* 355 Mass. 604, 607 (1969); *Ford* v. *Flaherty*, 1 Mass. App. Ct. 16, 21 (1972). The possibility is remote that an intermediate handler could have damaged the leg of a properly designed and constructed ladder without the damage being visible.

See *LeBlanc* v. *Ford Motor Co.* 346 Mass. 225, 230-231 (1963).

However, the plaintiff's case against Tilley fails because no evidence was introduced to show that the plaintiff himself was not responsible for the collapse of the ladder leg. There is no indication whether or not the plaintiff placed or used the ladder negligently so as to cause the leg to collapse. Cf. *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514, 516-517 (1942); *Gilmore* v. *Kilbourn* 317 Mass. 358, 362-363 (1944); *Bloom* v. *Warshaw*, 332 Mass. 14, 16-17 (1954). Some such evidence was crucial to a determination of the issue whether the plaintiff's, rather than the defendant's, negligence caused the collapse of the ladder. See *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113, 114 (1901).

We conclude that the judge should have allowed Tilley's request for a ruling that " [t]he evidence does not warrant a finding that [Tilley], its agents, or servants was negligent."

### The Action Against Lynn.

The plaintiff's action against Lynn must also fail because he has not sustained the burden of proving either of the elements discussed earlier in this opinion. See *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 180, 183 (1959). Without evidence whether the ladder was defective when it came under Lynn's control, it is not determinable whether its collapse was an occurrence which usually would not have happened in the absence of negligence on the part of Lynn. The ladder, as manufactured by Tilley, may have contained a defect which Lynn in the exercise of reasonable care could not discover. See *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724, 727-728 (1953). Cf. *Hadley* v. *Hillcrest Dairy, Inc.* 341 Mass. 624, 629-631 (1961); *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 360, 362-363 (1966).

We have already discussed in part 2 of our treatment of the plaintiff's case against Tilley the plaintiff's failure to show that the ladder's collapse was not the result of his own negligence. The judge correctly denied the plaintiff's request in the action against Lynn for a ruling that " [t]he evidence warrants a finding for the plaintiff."
In the Tilley case the order of the Appellate Division vacating the finding for the plaintiff and ordering a finding for the defendant is affirmed. In the Lynn case the final order of the Appellate Division, which we have treated as an order dismissing the report, is affirmed. A judgment for the defendant is to be entered in each case.

*So ordered.*