*Northern District*

## No. 8387

## BESSIE KOKORAS

v.

## COCA-COLA BOTTLING COMPANY OF BOSTON, INC.
### and a consolidated case[1]

Argued: Nov. 20, 1975. Decided: Feb. 12, 1976

Case tried to *Tiffany, J.,* in the District Court of Peabody. Number: 33018.

Present: Cowdrey, P.J., Bacigalupo, Forte, J.J.

**Forte, J.** This is an action for the negligence as manufacturer, bottler and distributor of a can of coca-cola. The defendant answered with a general denial, alleging contributory negligence, a violation of law contributing to the alleged accident, statute of limitations and that the person who caused the damages was not a person for whose conduct the defendant was responsible.

---

[1] Action #33694 **Kokoras v. Food Center of Salem, Inc.** in which the appeal to Appellate Division was waived in open court at arguments.

*There was evidence that:*

The plaintiff purchased a six-pack of coca-cola in cans on or about May 1, 1972 at the Food Center of Salem, Inc.; upon arriving home, she stored the six-pack of cans in a food closet; that on May 2, 1972 one can was found to be half full and there was coca-cola on the other food stuff stored in the food closet; further that coca-cola had leaked through the floor causing damage to the ceiling of the finished room below.

The defendant neither manufactured cans nor filled cans with coca-cola, but that the defendant delivers coca-cola manufactured and canned by Coca Cola of Nashua, New Hampshire, Inc. along with coca-cola bottled by the defendant.

The can in question was not leaking at the time of the plaintiff's purchase nor at the time of its transportation or placement in the food closet by the plaintiff.

The can was normal without any imperfections or dents at the time of purchase, transportation to the plaintiff's home, storage in the food closet, at the time of discovery of the damage, and at the time of trial.

No one handled the can from the time the plaintiff placed the can in the food closet until her discovery of leaking coca-cola and that when she discovered the leaky can, she turned it upside down.

Further at the time of trial, the can was unopened and contained some fluid.

There was no evidence that the can was ever full.

At the close of evidence, the plaintiff filed the following two requests:

1. The evidence warrants a finding for the plaintiff in the action of Bessie Kokoras -v. Coca-Cola Bottling Company of Boston, Inc.

3. The evidence warrants a finding that the defendant, Coca-Cola Bottling Company of Boston, Inc. Agents, servants or employees were negligent.

The trial justice denied each request stating "there was no evidence presented to warrant a finding on these requests." In addition, he filed the following:

"The burden of proving that either of the defendants were negligent, was upon the plaintiff and the happening of an incident such as the leaking of a can, cannot be left to surmise or conjecture. The plaintiff in this matter is obviously proceeding under the doctrine of Res Ipsa Loquitur, however, this provides for the trier of fact, to draw from occurrence itself of an unusual event, the conclusion that it could not have happened unless the defendant or defendants had been negligent. But the plaintiff must sustain the burden of proving that the accident resulting in damages to her is the kind of accident which usually does not happen in the absence of negligence, by the defendant or defendants and that the instrumentality had not been properly handled by herself or by intermediate handlers. . . .

"I find that the plaintiff did not sustain the burden of proof in that the evidence presented was insufficient to take the cause of the damage, i.e. the leaking can out of the realm of surmise and conjecture."

The plaintiff claims to be aggrieved by the denial of requests #1 and #3.

The report states it contains all the evidence material to the issues.

There was no error.

In order to recover, the plaintiff must show that the defendant was negligent. The evidence indicates that the defendant was a distributor after the can was manufactured and filled by another; that the

defendant exercised control over the can only after the canning process had been completed; that after the defendant relinquished control, the can was normal without any imperfections or dents. There was no direct evidence of negligence, nor any facts introduced from which negligence could be properly inferred.

The principle of *res ipsa loquitur* does not permit here the trial judge to conclude that the injury could not have happened except for the negligence of the defendant — a distributor which exercised control over a can only during some period after the canning process had been completed. *Rafferty v. Hull Brewing Co.*, 350 Mass. 359, 362 (1966); *Coyne v. Tilly Co., Inc.*, Mass. Adv. Sh. 2141 (1975).

**Report dismissed.**